RAWLS, Judge.
Appellant-defendant appeals a final judgment entered upon a jury verdict in favor of appellee-plaintiff for injuries sustained while riding appellant’s “Jet Slide.”
By this appeal, appellant contends: (1) The trial court erred in not directing a verdict for appellant on the doctrine of assumption of risk, and (2) appellant was entitled to a charge on the doctrine of assumption of risk.
Pertinent facts are: Appellee with his wife and two children registered at a Pensacola Beach motel while on vacation; during the evening they traveled to the area of an amusement device known as a Jet Slide; Sylvia purchased tickets for himself and his children for the Jet Slide ride; they moved with the crowd of prospective riders toward a several-tiered stairway leading to the top of the slide; at the bottom of the stairs Sylvia picked up a burlap sack which was provided by appellant for use on the slide; about halfway up the stairs Sylvia observed that the slide looked “mighty high” and testified about his feelings at this point in the ascent as follows: “I had never been on anything like this before, and it was a little unfamiliar to me, but I saw all those people going up, so I guess I didn’t want to show the kids I was chicken, I wasn’t going to turn around and go back down. I went on up to the top.” Upon reaching the top, Sylvia crawled into the burlap sack (as he observed others doing) and began the descent. While descending, Sylvia had the sensation of “lifting off” between the inclines; he did not know of any way to slow himself; as he approached the second incline, he became airborne and then dropped about four feet to a tremendous jarring on his buttocks. Sylvia sustained a fracture and a 40% compression of the intervertebral disk space between T-12 and L-l.
The doctrine of assumption of risk cannot be invoked unless it is clearly shown that the particular risk or danger shall have been known and appreciated by the person injured. The uncontroverted testimony here is that Sylvia had never seen a device of this type prior to his riding upon same and was unfamiliar with its operation. Appellant insists that since Sylvia testified as to his own fears of using the slide and that he would have walked down except that he did not want his children to think him “chicken,” this presents a clear *77 case of assumption of risk. We do not agree. An amusement device is designed to provide thrills without providing injury. The owner of the slide put wax on it to make it slide faster and Comet to slow it down. The doctrine of assumption of risk was not available to appellant.
The judgment appealed is affirmed.
CARROLL, DONALD K., Acting C. J., and JOHNSON, J., concur.