431 So.2d 1039 (1983)
BELLEFONTE INSURANCE COMPANY, a Foreign Corporation, and Martin County Board of Public Instruction, Appellants,
v.
Albert James QUEEN, Sr., and Joyce Still, As Parents and Natural Guardians of Albert James Queen, Jr., Deceased, Appellees.
No. 81-1377.
District Court of Appeal of Florida, Fourth District.
May 18, 1983.
Rehearing Denied June 14, 1983.
*1040 George O'Kell and Larry Klein, West Palm Beach, for appellants.
Edna L. Caruso, West Palm Beach, and Law Offices of Gary, Williams & Walker, Stuart, for appellees.
LETTS, Chief Judge.
This controversy centers around the tragic death of a child on a crosswalk outside her school, caused by a moving school bus. Prior to the instant suit, the child's parents executed a "Special Release" under the terms of which they claim they only intended to release the School Board from any negligence involved in the actual operation of the bus. Never intended to be released, so they say, was the negligence of the School Board in failing to supervise and safeguard their child while crossing the street. Ruling as a matter of law, the trial judge agreed with the parents and permitted the law suit here appealed. We disagree and reverse.
The special release in question included, in pertinent part, the following language:
That we ... do hereby release acquit and discharge the School Board of Martin County, Florida, and successors and subsidiaries, of and from all claims and demands, actions and causes of action, damages, costs, loss of services, expenses and compensation on account of or in any way growing out of the injuries to and subsequent death of Albert James Queen, Jr., and any and all known and unknown, foreseen and unforeseen damages, and the consequences thereof, resulting from an accident occurring on or about January 9, 1980, on or near Church Street, Stuart, Martin County, Florida, caused by an accident and resulting from the ownership, maintenance and/or use of a certain International bus driven and/or operated by Jolene Smith and owned by the School Board of Martin County, Florida (including but not limited to alleged negligent operation of said vehicle, alleged negligent use and/or maintenance of said vehicle, and/or negligent entrustment of said vehicle and/or negligent hiring, training and/or supervision of the driver of said vehicle).
We do not propose to analyze the above quoted language in agonizing detail. Suffice it to say, we believe it unequivocally releases the School Board from all claims growing out of the accident resulting in the child's injuries and death. As we see it, it matters not how many other concomitant acts of negligence the School Board engaged in which contributed to the accident. The release clearly is in favor of the School Board as to any injuries and death arising out of that accident regardless of causation.
The parents argue that they never intended to release the School Board for any negligence occasioned by inept supervision of the crosswalk where the accident occurred.[1] However, even if this be true, the language of the release is not ambiguous and does not permit such an interpretation. "When [the] language is clear and unambiguous, *1041 the courts cannot indulge in construction or interpretation of its plain meaning" Hurt v. Leatherby Insurance Co., 380 So.2d 432, 433 (Fla. 1980), see also Boat Town U.S.A. v. Mercury Marine Division of Brunswick Corp., 364 So.2d 15 (Fla. 4th DCA 1978).
REVERSED AND REMANDED WITH INSTRUCTIONS TO ENTER FINAL JUDGMENT IN ACCORDANCE HEREWITH.
DOWNEY and WALDEN, JJ., concur.
NOTES
[1] We are not asked to consider the question of the School Board's liability on or near crosswalks. But see Harrison v. Escambia County School Board, 419 So.2d 640 (Fla. 1st DCA 1982).