447 So.2d 318 (1984)
Sabina VAN TUYN, Appellant,
v.
ZURICH AMERICAN INSURANCE CO., a Foreign Corp., and Marr Investments, Inc., D/B/a Club Dallas, Appellees.
No. 83-1087.
District Court of Appeal of Florida, Fourth District.
February 15, 1984.
Rehearing Denied April 11, 1984.
*319 Steven D. Tishler, Miami, for appellant.
Jane Kreusler-Walsh and Larry Klein, West Palm Beach, and Pomeroy, Betts & Pomeroy, Fort Lauderdale, for appellees.
WALDEN, Judge.
Sabina Van Tuyn (hereafter Plaintiff) sued Zurich American Insurance Company and Marr Investments, Inc., d/b/a Club Dallas (hereafter Defendants) for injuries she sustained after falling from a mechanical bull in the Club Dallas.
Final summary judgment was granted in favor of Defendants and against Plaintiff. Plaintiff appeals. We reverse and remand.
Plaintiff, accompanied by a friend, went to the Club Dallas. On the Club premises was a mechanical device commonly known as "J.R.," a bull, which patrons were invited to mount. The device moved in a forward, backward and sideways direction, the object being to dislodge the rider.
Plaintiff observed other patrons riding the bull for some fifteen or twenty minutes. It was plaintiff's testimony that, having decided to ride the bull, she told the operator that she had never ridden before and asked that he go slowly. According to plaintiff, his response was something to the effect of, "Don't worry about it. We'll take care of it." Prior to mounting the device, plaintiff was asked to sign a written waiver. She signed, but did not read, the waiver.
Plaintiff rode the bull for approximately ten to fifteen seconds before any problem arose. According to plaintiff's testimony, the operator suddenly started speeding up the bull very, very fast. She stated that, as the bull was moving left to right, the operator made the front of the bull come *320 up at high speed. Plaintiff testified that this was when she lost her balance and fell forward onto the head of the bull. Plaintiff then fell off the bull, sustaining personal injuries.
We will forego exploration of the well-known summary judgment procedures. Suffice it to say, apart from the issue of waiver, there are indeed genuine issues of material fact which are a bar to summary judgment. Particularly an issue is the conduct of the employee in his negligent or willful operation of the speed-regulating mechanism after being informed that plaintiff was a novice.
Does the waiver signed by plaintiff nevertheless bar her recovery and support the entry of summary judgment? We think not.
The waiver provided:
I fully understand that the mechanical Bucking Brama Bull known as "JR" is a dangerous amusement device.
I hereby voluntarily assume any and all risk, including injury to my person and property which may be caused as a result of my riding or attempting to ride this Bucking Brama Bull.
In consideration for CLUB DALLAS permitting me to ride such amusement device, I hereby voluntarily release, waive, and discharge CLUB DALLAS, Marr Investments, Inc., their lessors, heirs, successors and/or assigns from any and all claims, demands, damages and causes of action of any nature whatsoever which I, my heirs, my assigns, or my successors may have against any of them for, on account of, or by reason of my riding or attempting to ride this Bucking Brama Bull. I also state that I am not under the influence of alcohol or any other intoxicant and execute this GENERAL RELEASE, WAIVER OF CLAIM AND ASSUMPTION OF RISK AGREEMENT of my own free will and accord.
Does this waiver shield the defendants from liability from its own negligence, as they contend? We think not.
An exculpatory clause, while looked on with disfavor, may operate to absolve a defendant from liability arising out of his/her own negligent acts. Ivey Plants, Inc. v. F.M.C. Corp., 282 So.2d 205 (Fla. 4th DCA 1973). For such a clause to be effective, however, it must clearly state that it releases the party from liability for its own negligence. L. Luria & Son, Inc. v. Alarmtec International Corp., 384 So.2d 947 (Fla. 4th DCA 1980); Middleton v. Lomaskin, 266 So.2d 678 (Fla. 3d DCA 1972). That this must be a clear and unequivocal statement was emphasized by the Florida Supreme Court in University Plaza Shopping Center, Inc. v. Stewart, 272 So.2d 507 (Fla. 1973) where it addressed the issue in the context of an indemnity clause in a contract.
The agreement being reviewed is devoid of any language manifesting the intent to either release or indemnify Club Dallas, Marr Investments, Inc., for its own negligence. Therefore, the agreement does not, as a matter of law, bar the Appellant's recovery.
Defendants then argue that the defense of express assumption of the risk precludes recovery by the plaintiff as a matter of law. Defendants' position can be viewed as an assertion that there was an express assumption of the risk, both under the terms of the release plaintiff signed and arising out of actually riding the mechanical bull.
Preliminary to any finding of express assumption of risk is a showing that the particular risk was known or should have been known and appreciated by the person injured. O'Connell v. Disney World Co., 413 So.2d 444, 448 (Fla. 5th DCA 1982); DePew v. Sylvia, 265 So.2d 75, 76 (Fla. 1st DCA 1972); See also Bartholf v. Baker, 71 So.2d 480 (Fla. 1954); Restatement of the Law of Torts, Second, § 496D.
For express assumption of risk to be valid, either by contract or by voluntary participation in an activity, it must be clear that the plaintiff understood that she was assuming the particular conduct by the defendants *321 which caused her injury. Restatement of Torts, Second, § 496B, comment d. No agreement to assume unknown risks shall be inferred.
Therefore, unless this plaintiff subjectively understood the risks inherent in mechanical bull riding and actually intended to assume those risks, the defense of express assumption of risk is unavailable to the defendants. Henry v. Britt, 220 So.2d 917 (Fla. 4th DCA 1969), cert. den. 229 So.2d 867 (Fla. 1969).
We are convinced that defendants did not, for purposes of summary judgment, carry their burden of establishing that the plaintiff fully understood the risks and dangers involved in riding the mechanical bucking bull in question. Nor did defendants demonstrate that the plaintiff understood and agreed to assume the risk of defendants' negligence in operating the ride.
Further, we think the clearer focus of analysis is on the defendants' duty to plaintiff, under the theory of "primary-implied assumption of risk."[1] This encompasses situations in which a particular activity presents risks which are inherent and unavoidable and for this reason no duty to protect against these risks is imposed upon a defendant and no negligence arises as to them. Blackburn v. Dorta, 348 So.2d 287, 291 (Fla. 1977); Meistrich v. Casino Arena Attractions, 31 N.J. 44, 155 A.2d 90 (1959). If, however, the defendants' actions increase or add risks not normally inherent in the activity, a duty arises and they may be found negligent. Plaintiff's testimony on the event in question is such that a jury could conclude that her injury was caused, not by any inherent characteristic of the mechanical device, but by either negligent or intentional conduct of defendants' employee.
We hold that summary judgment was improperly granted and we reverse and remand for further proceedings.
Reversed and Remanded.
ANSTEAD, C.J., and GLICKSTEIN, J., concur.
NOTES
[1] The term primary assumption of risk is simply another means of stating that the defendant was not negligent, either because he owed no duty to the plaintiff in the first instance, or because he did not breach the duty owed.