516 So.2d 1101 (1987)
Jacquelynne Dale Fountain LEVINE, Appellant,
v.
A. MADLEY CORPORATION and Carlyle & Company Jewelers, Appellees.
No. BS-10.
District Court of Appeal of Florida, First District.
December 17, 1987.
*1102 James J. Richardson, of Richardson Law Offices, P.A., Tallahassee, for appellant.
Bruce W. Robinson, of Brannon, Brown, Haley, Robinson & Cole, P.A., Lake City, for appellee A. Madley Corp.
Leslie A. Dent, L. Traywick Duffie, and John P. Campbell, of Hansell & Post, Atlanta, Ga., for appellee Carlyle & Co. Jewelers.
WIGGINTON, Judge.
Before us is an appeal from a final summary judgment entered on the affirmative defense of release. We reverse.
Appellant filed her complaint below alleging negligence in the administration of a polygraph examination conducted by appellee A. Madley Corporation, an agent of appellant's employers, appellee Carlyle & Company Jewelers. In their answers and motions for summary judgment, appellees advanced an affirmative defense of release based upon a general release executed by appellant prior to her taking the polygraph examination. Appellant filed an affidavit in opposition to the motions for summary judgment claiming that it was at all times understood between the parties that the polygraph would be administered in a professional, non-negligent manner. To the contrary, appellant claimed in the affidavit that the examination was given in a threatening, intimidating, and abusive manner, and was further negligently performed and not done in accordance with accepted polygraph techniques. Appellee A. Madley Corporation had earlier filed a request for admissions requesting appellant to admit that the "Consent And Release" attached to its answer was a true and correct copy of the consent and release signed by appellant. Appellant did not respond to this request thereby admitting that to be true. See Fla.R.Civ.P. 1.370(a). Summary judgment was thereafter entered on the basis that there was no genuine material issue of fact on the issues framed by the pleadings.
On appeal, appellant argues that her affidavit raised at least two issues of material fact: (1) whether there existed conditions precedent to her consent and release; and (2) whether the conditions precedent were intentionally and negligently breached by the appellees. She maintains that appellees did not satisfy their burden of proof as to the nonexistence of any material question of fact and that in granting summary judgment, the trial court improperly determined the issues.
In response, appellees maintain that releases or exculpatory contracts are valid and enforceable where the party's intention is made clear and unequivocal in the release contract. Middleton v. Lomaskin, 266 So.2d 678 (Fla. 3d DCA 1972). Asserting that the language of the instant release was clear and unambiguous, appellees argue that the courts cannot indulge in construction or interpretation of its plain meaning. Hurt v. Leatherby Insurance Company, 380 So.2d 432 (Fla. 1980). Thus, *1103 appellant's allegations in her affidavit regarding the parties' intent may not be considered in interpreting the plain and unambiguous meaning of the release.
The "Consent And Release" in the instant case indicates that appellant voluntarily agreed to be examined by the polygraph technique for the mutual benefit of herself and Carlyle & Company, and that the information related to the examination be made known to Carlyle & Company. The release went on to state:
In consideration of the foregoing, I hold free from all harm, liability or damage to me as a result of the examination the third party [Carlyle & Co.], its agents and employees and all other persons designated by the third party, together with the A. Madley Corporation, and any agents and employees of the A. Madley Corporation, and I hereby remise, release, waive, and forever discharge all and each and every one of the above persons, firms, and corporations, their agents and employees from any action or cause of action, claim or demand which I have now or may ever have resulting directly or indirectly or remotely from or by said examinations, or making known as above, such reactions and opinions hereto.
The rule is that an exculpatory clause may operate to absolve a defendant from liability arising out of his own negligent acts, although such clauses are not favored by the courts. Goyings v. Jack And Ruth Eckerd Foundation, 403 So.2d 1144 (Fla. 2d DCA 1981); L. Luria & Son, Inc. v. Alarmtec International Corporation, 384 So.2d 947 (Fla. 4th DCA 1980). However, for such a clause to be effective, it must clearly state that it releases a party from liability for his own negligence. University Plaza Shopping Center, Inc. v. Stewart, 272 So.2d 507 (Fla. 1973); Goyings v. Jack And Ruth Eckerd Foundation. For instance, to exculpate an indemnitee from liability occasioned by his own negligence, a contract must include an explicit provision to that effect. University Plaza Shopping Center, Inc. v. Stewart. As it was explained in Goyings, "[t]he rationale for the specificity requirement enunciated in University Plaza is to insure that the contracting party is alerted to the meaning of the exculpatory clause." Thus, in Goyings, general language releasing the defendants for any liability in the event of injury, illness, or death, was held insufficient to unequivocally inform the plaintiff that she was releasing the defendants from liability for injuries arising from their negligence.
Similarly, we hold in the instant case that the general language of the release did not unequivocally inform appellant that she was releasing appellees from their own negligence in administering the polygraph examination. Although appellees argue that the release language is similar to that held sufficiently explicit in Bellefonte Insurance Company v. Queen, 431 So.2d 1039 (Fla. 4th DCA 1983), we disagree as the release therein is obviously more explicit and detailed.
Consequently, in light of the foregoing, we hold that the trial court erred in granting summary judgment on the basis of the "Consent And Release," and hereby reverse and remand the cause for further proceedings.
BOOTH and THOMPSON, JJ., concur.