582 So.2d 27 (1991)
Walt WITT and Arlene Lovas, Appellants,
v.
DOLPHIN RESEARCH CENTER, INC., Appellee.
No. 91-151.
District Court of Appeal of Florida, Third District.
June 4, 1991.
Rehearing Denied July 9, 1991.
Hoppe, Beckmeyer & Stokes and Tom Beckmeyer, for appellants.
Richard A. Sherman and Rosemary Wilder, Fort Lauderdale, for appellee.
Before SCHWARTZ, C.J., and NESBITT and COPE, JJ.
SCHWARTZ, Chief Judge.
The plaintiffs-appellants were allegedly injured by two porpoises they had joined in a so-called "dolphin experience" operated by the defendant Dolphin Research Center, Inc. In a two count complaint, they alleged that the defendant (a) had been negligent in controlling and operating the attraction and (b) was strictly liable for injuries caused by the dolphins as a "keeper" of "wild animals." The defendant moved for and was awarded summary judgment in its favor on the sole ground that the action was barred by the terms of a pre-"experience" release which the plaintiffs had each signed prior to their encounter with Flipper and his companion. The releases provided:

*28 I, the undersigned, in consideration of my being allowed to participate in the Dolphin/Encounter, hereby release and discharge Dolphin Research Center, Dolphinlab, all employees and volunteers associated with the Dolphin Research Center, and the National Marine Fisheries Service from all claims, demands, actions, liabilities, and judgments which I may have or accrue as a result of my Dolphin/Encounter, or claim to have against Dolphinlab, Dolphin Research Center for all personal injuries or other damages incurred while on the premises of the Dolphin Research Center or elsewhere as a result of my Dolphin/Encounter. I also agree that I am responsible for any damages that I willfully or unwillfully or negligently inflict upon the facilities at Dolphin Research Center. I acknowledge that I have read and fully agree to the above.
It is settled law that a pre-incident release is not effective to preclude an action based on the releasee's subsequent negligence unless the instrument clearly and specifically provides for a limitation or elimination of liability for such acts. Van Tuyn v. Zurich American Ins. Co., 447 So.2d 318 (Fla. 4th DCA 1984); O'Connell v. Walt Disney World Co., 413 So.2d 444 (Fla. 5th DCA 1982); Goyings v. Jack and Ruth Eckerd Foundation, 403 So.2d 1144 (Fla. 2d DCA 1981); Tout v. Hartford Accident & Indem. Co., 390 So.2d 155 (Fla. 3d DCA 1980); Ivey Plants, Inc. v. FMC Corp., 282 So.2d 205 (Fla. 4th DCA 1973), cert. denied, 289 So.2d 731 (Fla. 1974); cf. Theis v. J & J Racing Promotions, 571 So.2d 92 (Fla. 2d DCA 1990) (specific release of liability for "negligence" effective); Bruce v. Heiman, 392 So.2d 1026 (Fla. 5th DCA 1981) (same); Thomas v. Sports Car Club of America, Inc., 386 So.2d 272 (Fla. 4th DCA 1981) (same). Since there is no specific reference in the releases to the appellee's "negligence" at all, it is clear that, as a matter of law, they provide no defense to the negligence claim in this case, and that the judgment must therefore be reversed for trial on that ground.[1]
In the light of the fact that the case must be tried in any event, we deem it inappropriate at this time to rule on the issues of (a) whether the strict liability principles involving wild animals, see e.g., Sharp v. Levine, 528 So.2d 1369 (Fla. 3d DCA 1988); Isaacs v. Powell, 267 So.2d 864 (Fla. 2d DCA 1972), overruled on other grounds, 358 So.2d 21 (Fla. 1978), are applicable to the supposed friendly aquatic mammals involved here and (b) whether, if so, the terms of the releases would bar that claim, which is inherently not based on negligent conduct. In our view, these questions can best be determined, if indeed it becomes necessary to do so, upon the much fuller development of the facts which will take place after remand.
Reversed and remanded.
NOTES
[1] The appellee insists that Hardage Enters. v. Fidesys Corp., 570 So.2d 436 (Fla. 5th DCA 1990) supports its claim that a particular reference to "negligence" is not required. Hardage, however, involves the completely different situation of a post-claim release of liability for damages which have already occurred and is thus not applicable in any way to the present case.