694 So.2d 120 (1997)
Sylvia ZINZ and Herbert Zinz, her husband, Appellants,
v.
CONCORDIA PROPERTIES, INC., Concordia Investments, Inc., and Anne Carr Realty, Inc., Appellees.
No. 96-2220.
District Court of Appeal of Florida, Fourth District.
May 28, 1997.
*121 Poses & Halpern, P.A., Miami, and Sharon L. Wolfe and Maureen Gallen of Cooper & Wolfe, P.A., Miami, for appellants.
Lyman H. Reynolds, Jr. of Roberts & Reynolds, P.A., West Palm Beach, for appellees.
PER CURIAM.
In this premises liability case, we reverse the final judgment entered in the defendants' favor because the trial court erroneously admitted a release into evidence and then aggravated the mistake by refusing to give a limiting instruction.
Before being taken to furnished models for two new high-rise condominiums, plaintiffs were required to sign a "Release and Indemnification Agreement." In pertinent part, the document provided that "the undersigned agree to indemnify and hold Concordia ... harmless" and that:
the undersigned agree that Concordia ... shall in no way be responsible for the action of the undersigned in the access to Villa Mare and/or Villa Costa, nor shall Concordia and the Town of Highland Beach be liable for damages arising out of any activities in which the undersigned are so involved.
The trial court erred in admitting this unredacted document into evidence because the purported release and indemnification agreement was invalid as a matter of law in accordance with the supreme court's decision in University Plaza Shopping Center v. Stewart, 272 So.2d 507, 511 (Fla.1973). Thus, whether the document released defendant from its own negligent conduct was not an issue for the jury to decide.
In University Plaza, the supreme court held that contracts which purport to release or indemnify a party for its own negligence are looked upon with disfavor and will not be enforced unless the intent is clearly and unequivocally stated. The general terms "indemnify ... against any and all claims" did not sufficiently disclose the intention to indemnify against the negligence of the indemnitee. Id.; see Allianz Ins. Co. v. Goldcoast Partners, Inc., 684 So.2d 336, 337 (Fla. 4th DCA 1996); Van Tuyn v. Zurich Am. Ins. Co., 447 So.2d 318, 320 (Fla. 4th DCA 1984).
When a contract is ambiguous as to the release of a party for its own negligence, the release is properly excluded from evidence. See MMH Venture v. Masterpiece Prods., Inc., 559 So.2d 314 (Fla. 3d DCA 1990). In MMH Venture, the third district held that the clause was not clear and unequivocal as required by University Plaza because nowhere in the clause did the defendants seek to avoid liability for their own negligence. The release here suffers from the same fatal defect.
The error in admitting the document was compounded by the trial court's failure to give the plaintiffs' requested limiting instruction. After the release was admitted, at the close of the case, the defense abandoned its affirmative defense of release. Defendant still claimed the document was relevant on the issue of notice to plaintiff that she was entering a construction site. Plaintiffs' requested *122 jury instruction would have at least limited the jury's consideration of the release by explaining that the jury should not consider the document signed as any release of the claims involved in this case. The instruction may have mitigated the harmful effect of erroneously allowing the release into evidence in the first place.
On retrial, before admission of the document into evidence, it should be redacted to omit numbered paragraphs 2 through 5 and all language pertaining to release and indemnification, leaving in only those portions that are admissible as notice to appellant that the property was under construction.
REVERSED AND REMANDED.
POLEN, PARIENTE and GROSS, JJ., concur.