718 So.2d 939 (1998)
TRAVENT, LTD., Appellant,
v.
Mark SCHECTER and Karen Schecter, his wife, Appellees.
No. 97-2491.
District Court of Appeal of Florida, Fourth District.
October 14, 1998.
Kenneth W. Moffet of Moffet & Alexander, P.A., West Palm Beach, for appellant.
Walter G. Campbell, Jr. of Krupnick, Campbell, Malone, Roselli, Buser, Slama, and Hancock, P.A., Fort Lauderdale, for appellees.
DELL, Judge.
Travent, Ltd. appeals the order granting Mark and Karen Schecters' Motion for Judgment in Accordance with Motion for Directed Verdict and Motion for New Trial. Travent contends that the trial court erred when it granted the Schecters' motion for directed verdict because they signed an agreement that released their claims. Travent also contends that the trial court erred when it granted the new trial because the Schecters waived any error concerning the admission of the release and invited any error in the jury instructions. We reverse.
The Schecters filed suit alleging that Travent's negligence in the operation of bicycle tours caused serious injuries to Mark Schecter when the front wheel of the bicycle he rode fell off.[1] In its amended answer, Travent submitted the document signed by the Schecters, providing in pertinent part,
AGREEMENT: I have read and do understand Cycling Safely stated on the other *940 side, and agree to follow [the safety precautions stated therein]. In consideration of being permitted to participate in a tour operated by TRAVENT International and TRAVENT Ltd., I do for myself, my heirs, legal representatives and assigns hereby release, waive and discharge TRAVENT International and TRAVENT Ltd., its agents and employees from all liability to myself, my heirs, legal representatives and assigns for any and all loss or damage on account of injury to my person or property, whether caused by negligence or otherwise, while participating in the tour. Furthermore, I assume full responsibility for the risk of bodily injury, death or property damages while participating in said tour.
Both parties moved for directed verdicts based on the release. The court denied the motions.
The jury found that the agreement signed by the Schecters released Travent from "any acts of negligence," and that there was no negligence on Travent's part legally causing damage to the Schecters. Thereafter, the Schecters filed a Motion for Judgment in Accordance with the Motion for Directed Verdict and a Motion for Mistrial, or in the alternative, a Motion for a New Trial. After a hearing, Judge Robert L. Andrews, successor to Judge Levon Ward, concluded,
[T]he Release was insufficient to preclude liability on the part of the Defendant [Travent].... [and that] because the Release contains no specific and unambiguous language asserting that the Defendant cannot be sued for its own negligence, the Plaintiffs were entitled to a Motion for Directed Verdict on the Release as a matter of law.
(emphasis in original). The trial court granted the Schecters' motion for directed verdict, denied the motion for mistrial, and granted their motion for a new trial.
Travent argues that the trial court erred when it granted the Schecters' motion for a directed verdict because their claims were barred by the release. We agree and reverse. In granting the directed verdict, the trial court relied on Zinz v. Concordia Properties, Inc., 694 So.2d 120 (Fla. 4th DCA 1997). In Zinz, a premises liability case, the document signed by appellants provided that
"the undersigned agree to indemnify and hold Concordia ... harmless" and that: the undersigned agree that Concordia ... shall in no way be responsible for the action of the undersigned in the access to Villa Mare and/or Villa Costa, nor shall Concordia and the Town of Highland Beach be liable for damages arising out of any activities in which the undersigned are so involved.
Id. at 121. This court concluded that "[t]he general terms `indemnify ... against any and all claims' did not sufficiently disclose the intention to indemnify against the negligence of the indemnitee." Id. Here, the agreement specifically refers to Travent and states that the signator does
release, waive and discharge TRAVENT International and TRAVENT Ltd., its agents and employees from all liability to myself, my heirs, legal representatives and assigns for any and all loss or damage on account of injury to my person or property, whether caused by negligence or otherwise, while participating in the tour.
(emphasis added).
The Schecters cite Witt v. Dolphin Research Center, Inc., 582 So.2d 27 (Fla. 3d DCA 1991), where the trial court found that an action was barred by the terms of a release and awarded summary judgment in favor of the appellee. Id. The Third District Court of Appeal held, "Since there is no specific reference in the release to the appellee's `negligence' at all, it is clear that, as a matter of law, they provide no defense to the negligence claim in this case, and that the judgment must therefore be reversed for trial on that ground." Id.
The Schecters also argue that the trial court's directed verdict should be affirmed based on Van Tuyn v. Zurich American Insurance Co., 447 So.2d 318 (Fla. 4th DCA 1984). In Van Tuyn, the appellant sued appellee for injuries she sustained after falling from a mechanical bull. Prior to riding the mechanical device, she signed a written waiver providing in pertinent part,
I hereby voluntarily release, waive, and discharge CLUB DALLAS, Marr Investments, *941 Inc., their lessors, heirs successors and/or assigns from any and all claims, demands, damages and causes of action of any nature whatsoever which I, my heirs, my assigns, or my successors may have against any of them for, on account of, or by reason of my riding or attempting to ride this Bucking Brama Bull.
Id. at 320. This court concluded that the agreement in Van Tuyn "is devoid of any language manifesting the intent to either release or indemnify Club Dallas, Marr Investments, Inc., for its own negligence. Therefore, the agreement does not, as a matter of law, bar the Appellant's recovery." Id.
In Van Tuyn, the written waiver did not state that it released the subject parties from negligent acts. The release signed by the Schecters differs from that in Witt and Van Tuyn because it releases Travent "for any and all loss or damage on account of injury to my person or property, whether caused by negligence or otherwise, while participating in the tour."
We find merit in Travent's argument that the release signed by the Schecters should be considered in light of this court's decision in Banfield v. Louis, 589 So.2d 441 (Fla. 4th DCA 1991). In Banfield, before competing in a triathlon, the appellant completed and signed the official entry form:
In consideration for the acceptance of my entry, I, for my heirs, executors and administrators, release and forever discharge the United States Triathlon Series (U.S.T.S.), CAT Sports, Inc., Anheuser-Busch, the Quaker Oats Company, the city, county, state or district where the event is held and all sponsors, producers, their agents, representatives, successors and assigns of all liabilities, claims, actions, damages, costs or expenses which I may have against them arising out of or in any way connected with my participation in this event, including travel to or from this event, and including injuries which may be suffered by me before, during or after the event. I understand that this waiver includes any claims based on negligence, action or inaction or any of the above parties.
Id. at 443. The trial court concluded that the waiver provision in Banfield barred appellant's negligence claims against the sponsors, organizers, and promoters, and therefore granted summary final judgment in favor of appellees. Id. at 443-44. This court stated that waivers or exculpatory clauses are "valid and enforceable in Florida if the intent to relieve a party of its own negligence is clear and unequivocal," id. at 444, and affirmed the summary judgment because "[w]hen Banfield signed the waiver, she knew that she was releasing all of the sponsors and promoters, as well as their agents, from liability." Id. at 445.
As in Banfield, the subject agreement provided that the Schecters were releasing Travent, its agents, and its employees from liability, "whether caused by negligence or otherwise." There is no meaningful difference between the language used in the subject release from that considered by this court in Banfield. Therefore, the language in the subject release must be interpreted to mean that the Schecters released, waived, and discharged Travent International, Travent, Ltd. and its agents and employees from all liability, caused by their own negligence or otherwise.
We hold that the trial court erred when it granted the Schecters' motion for directed verdict and ordered a new trial. We further hold that the trial court should have granted Travent's motion for directed verdict. Accordingly, we reverse the order granting the directed verdict in favor of the Schecters and ordering the new trial. We remand this cause to the trial court to enter judgment in favor of Travent. Our holding makes it unnecessary to discuss Travent's remaining point on appeal.
REVERSED AND REMANDED.
GUNTHER and WARNER, JJ. concur.
NOTES
[1] The Schecters also filed suit against Travel Center of Broward, Inc. d/b/a Compass-McQuade Travel. Travel Center is not a party to this appeal.