PER CURIAM.
Florencio Fana appeals from an order of final summary judgment entered in an action for negligence. For the following reasons, we reverse.
Fana and Orkin entered into a contract for the fumigation of Fana’s townhouse. His townhouse was the end unit in a building that contained other townhouses; all the other owners had entered into similar contracts. Paragraph 2 of the contract provided that “Orkin is not responsible for vandalism, theft, or breaking and entering during fumigation and aeration procedures.” The contract further contained the following:
Dear Customer: Due to the fact that Orkin is not responsible for vandalism, theft or breaking and entering during the fumigation and aeration procedures, we are encouraging you to obtain some type of security.
On March 25, 1992, Orkin began the fumigation process but had to suspend the tenting for bad weather. Only a portion of *435 Fana’s townhouse was tented. On the evening of March 25, Fana returned to his partially tented residence and confronted several intruders; the intruders attacked Fana and caused him significant injuries.
Fana sued Orkin for negligence. Orkin moved for summary judgment on the basis of the contract’s release and the warning to the homeowners to obtain their own security guard. The trial court entered summary judgment for Orkin, and in doing so, erred.
“It is settled law that a pre-incident release is not effective to preclude an action based on the releasee’s subsequent negligence unless the instrument clearly and specifically provides for a limitation or elimination of liability for such acts.” Witt v. Dolphin Research Ctr., Inc., 582 So.2d 27, 28 (Fla. 3d DCA 1991).
Fana did not sue Orkin for vandalism, theft, or breaking and entering; he sued Orkin for negligence for failing to complete the tenting process and leaving his property exposed, although the other townhouses were completely covered. That alleged breach of duty is not addressed by the releases.[1] In this case, as in Witt, because “there is no specific reference in the releases to the appellee’s ‘negligence’ at all, it is clear that, as a matter of law, they provide no defense to the negligence claim in this case,” and that the order of summary judgment must be reversed. Id.
Reversed and remanded for further proceedings consistent with this opinion.

. On remand, the trial court is, of course, free to determine what duty, if any, Orkin owed Fana under these circumstances.