HAZOURI, J.
 

 Ethel Bender appeals the final summary judgment entered against her and in favor of CareGivers of America. She asserts the trial court erred in granting the summary judgment to CareGivers based on her execution of a release. CareGivers avers that the release relinquishes its liability arising out of any bodily injury stemming from a vehicle-related incident. We reverse.
 

 Bender contracted with CareGivers for home-health-aide services. At approximately two-month intervals, CareGivers had Bender sign a release entitled “Transportation Responsibility Release.” The relevant portion of the release states:
 

 Client understands and agrees to release (hold harmless) the Aide, CareGiv
 
 *894
 
 ers of America and its representatives from any and all liability resulting from the use of the Aide’s vehicle for Client transportation. Client understands that CareGivers of America’s policy does not cover physical loss, bodily injury, property damage or any other liability, including liability towards Client, stemming from vehicle-related incidences.
 

 Approximately two months after Bender signed the most recent release, one of CareGivers’s home-health aides was driving Bender on an errand and was involved in an automobile accident. Based on imputed negligence under the doctrine of respondeat superior, Bender sued CareGivers, alleging the aide was negligent and CareGivers was liable. Bender further alleged the aide was an employee of CareGivers and was acting in the course and scope of her employment. Pursuant to the release signed by Bender, the trial court granted CareGivers’s motion for summary judgment.
 

 Bender asserts the trial court erred because the release and waiver executed by her did not specifically release CareGivers. She contends that in order for the release to act as an exculpatory agreement for CareGivers’s liability, it was required to refer specifically to “negligence.” We agree.
 

 “The standard of review of an order granting summary judgment is de novo.”
 
 Mobley v. Gilbert E. Hirschberg, P.A.,
 
 915 So.2d 217, 218 (Fla. 4th DCA 2005).
 

 When a defendant moves for summary judgment, the court is not called upon to determine whether the plaintiff can actually prove his cause of action. Rather, the court’s function is solely to determine whether the record conclusively shows that the moving party proved a negative, that is, “the nonexistence of a genuine issue of a material fact.” If the record reflects even the possibility of a material issue of fact, or if different inferences can reasonably be drawn from the facts, the doubt must be resolved against the moving party.
 

 Winston Park, Ltd. v. City of Coconut Creek,
 
 872 So.2d 415, 418 (Fla. 4th DCA 2004) (citations omitted).
 

 A pre-incident release is not effective to preclude an action based on the subsequent negligence of the party released unless the instrument clearly and specifically provides for a limitation or elimination of liability for such acts.
 
 Van Tuyn v. Zurich Am. Ins. Co.,
 
 447 So.2d 318, 320 (Fla. 4th DCA 1984). This Court has held that an exculpatory agreement must expressly include the term “negligence” to clearly and specifically meet the requirement of
 
 Van Tuyn,
 
 i.e., to be clear and unequivocal.
 
 See Travent, Ltd. v. Schecter,
 
 718 So.2d 939, 940 (Fla. 4th DCA 1998) (“ ‘Since there is no specific reference in the release to the appellee’s ‘negligence’ at all, it is clear that, as a matter of law, they provide no defense to the negligence claim in this case, and that the judgment must therefore be reversed for trial on that ground.’” (quoting
 
 Witt v. Dolphin Research Ctr., Inc.,
 
 582 So.2d 27, 28 (Fla. 3d DCA 1991)));
 
 see also Rosenberg v. Cape Coral Plumbing, Inc.,
 
 920 So.2d 61, 66 (Fla. 2d DCA 2005);
 
 Levine v. A. Madley Corp.,
 
 516 So.2d 1101, 1103 (Fla. 1st DCA 1987).
 

 CareGivers contends it was not required to make a specific reference to negligence, as its liability, if any, is based upon vicarious liability and not its own direct negligence. Under the legal principle of re-spondeat superior, the negligence of the aide driver is imputed to CareGivers. CareGivers cites no authority for the proposition that imputed negligence eliminates the requirement to include the term “neg
 
 *895
 
 ligence” in its release in order to avoid liability. We, therefore, reverse the trial court’s entry of summary judgment.
 

 Reversed.
 

 GERBER, J., and KELLEY, GLENN D., Associate Judge, concur.