HAZOURI, J.
Appellants, Patricia and Donald Swain (“Owners”), appeal the trial court’s grant of summary judgment to Appellee, The Meadows at Martin Downs Homeowners Association, Inc. (“the Association”), and denial of their cross-motion for summary judgment. Owners contend that summary judgment was improper because there was a genuine issue of material fact. We agree and reverse the trial court’s grant of summary judgment in favor of the Association.
Owners filed suit against the Association seeking declaratory and injunctive relief after the Association constructed a 1,920 square foot maintenance facility on the common area adjacent to the recreational grounds. Owners alleged that the Association did not have the authority to build the structure, without a vote of the unit owners. Conversely, the Association argued that it did, and a dispute arose regarding the parties’ rights under the Association’s Declaration of Covenants and Restrictions (“Declaration”).
The-Board of Directors of the Association is composed of six voting members, each elected by a majority of the unit owners in each of the six villages that make up the Meadows. The Board of Directors met on July 5, 2006, to vote on approval of the construction of a maintenance facility. The Association proposed constructing a permanent maintenance facility to replace a fenced-in portion of the parking lot known as the “green corral,” which was used to store building materials. The Board of Directors voted five to one to approve the construction!
Following approval, Owners filed an action for declaratory and injunctive relief and “to enjoin [the] Association from proceeding with the proposed construction of a maintenance building on designated common area at the community.” Next, Owners filed an emergency motion for a temporary injunction which the trial court denied, determining it did not constitute an emergency. The Association then moved for summary judgment, asserting that “the Association’s authority to act is established in its governing documents.” In response, Owners filed an opposition to the summary judgment and a cross-motion for summary judgment.
*260 Ultimately, the trial court granted the Association’s motion for summary judgment, determining that “[t]he Boards [sic] action was permitted, pursuant to Article Vd)[1]; VI(l)(a)[2]; XIV(l)[3]; and, F.S. § 720.306[4], and the Defendant is entitled to Judgment on the two counts as a matter of law.” The trial court then entered final judgment for the Association.
“The standard of review of an order granting summary judgment is de novo.” Bender v. CareGivers of Am., Inc., 42 So.3d 893, 894 (Fla. 4th DCA 2010) (quoting Mobley v. Gilbert E. Hirschberg, P.A., 915 So.2d 217, 218 (Fla. 4th DCA 2005)). “When a defendant moves for summary judgment, the court is not called upon to determine whether the plaintiff can actually prove his cause of action.” Bender, 42 So.3d at 894 (quoting Winston Park, Ltd. v. City of Coconut Creek, 872 So.2d 415, 418 (Fla. 4th DCA 2004)). Rather, the court’s function is solely to determine whether the record conclusively shows that the moving party proved a negative, that is, the nonexistence of a genuine issue of a material fact. Id. (citation omitted). If the record reflects the possibility of a material issue of fact, or if different inferences can reasonably be drawn from the facts, the doubt must be resolved against the moving party. Id. (citation omitted).
Owners present a genuine issue of material fact as to whether the Association had the authority to construct the maintenance facility. Neither the identified articles of the Declaration cited by the trial court nor section 720.306(l)(a), Florida Statutes, explicitly permit the Board of Directors to authorize the construction • of the maintenance facility. Article V(l) states that “[t]he Association shall be responsible for the management, maintenance, and operation of the Common Areas.” However, Owners do not dispute that the Association is responsible for maintenance of the Common Areas; rather, they maintain that “the Association does not have any authority to take away portions of the common areas” without the consent of the entire membership.
In support of their position, Owners cite Article V(3) of the Declaration, which states that “[t]he Association may not convey, encumber, abandon, partition, or subdivide any of the Common Areas without the approval of all Institutional Mortgagees.” Owners contend that the “Association’s alteration and conversion of com *261 mon area, including parking spaces close to recreational facilities, by constructing a permanent ... maintenance facility, is an encumbrance and partition.” An encumbrance is “[a] claim or liability that is attached to property or some other right and that may lessen its value, such as a lien or mortgage.” Black’s Law Dictionary 568 (8th ed. 2004). Owners argue that the maintenance facility is a liability attached to and binding real property: they must now pay an increased assessment to insure and maintain the facility.
Additionally, Black’s Law Dictionary defines partition as “[sjomething that separates one part of a space from another” or “[t]he act of dividing; esp., the division of real property held jointly or in common by two or more persons.” Black’s Law Dictionary 1151 (8th ed. 2004). Accordingly, as the court is not called upon to determine whether Owners can prove their cause of action, but rather if different inferences can reasonably be drawn from the facts, summary judgment was improper. See Bender, 42 So.3d at 894.
The next provision cited by the trial court was article VI(l)(a), which states that “[t]he Association shall maintain and keep in good repair the Common Areas. The maintenance of the Common Areas shall include, without limitation, maintenance, repair, and replacement, subject to any insurance then in effect, of all ... recreational, maintenance, and office facilities.” (emphasis added). Owners argue that the maintenance facility is not a replacement of the “green corral” because it is a much larger, permanent structure. Further, Owners maintain that this provision does not allow for new construction or the alteration of common areas.
Finally, Article XIV(1) states that “[t]he Properties shall be used only for residential, recreational, and related purposes (which may include, without limitation, offices for any Property Manager retained by the Association or business offices or storage facilities for the Association) as may more particularly be set forth in this Declaration.” This provision does not address whether the Declaration permits the Board of Directors to authorize construction of a permanent maintenance facility without the vote of unit owners.
In their motion in opposition to summary judgment, Owners contend that the Declaration required that “all the members exercise and cast their votes personally when the issue relates to partitioning of common area or the proposals affect members’ property rights or appurtenances to such property rights.” In support of this proposition, Owners cite Article 1(31), which they claim limits the voting authority of the Village Directors. The article states that “Member Votes are used for the rejection of a budget, any change in the Covenants or Bylaws, or the annexation of additional property or the removal of a Director from office for any reason.” Noticeably absent is the authority to vote on construction of new facilities, or alterations in common areas. Conversely, Article V(3) requires the approval of all Institutional Mortgagees before the Association may “convey, encumber, abandon, partition or subdivide any of the Common Areas.” Article IV(3)(c) also declares that “[t]he chairman of the Village Committee shall serve as the Voting Member for such Village, and shall cast all votes attributable to Units in the Village on all Association matters requiring membership vote, unless otherwise specified in this Declaration or the Bylaws.” (emphasis added.)
Furthermore, Owners contend that if the Association had proposed an amendment to build the maintenance facility, it would have required a vote of all members. The Declaration' states that following á vote of the Village Directors, an amend *262 ment should “thereafter be put to a vote of the Unit Owners for confirmation or rejection. A negative vote by fifty-one percent (51%) of all Unit Owners will reject the amendment.”
Thus, summary judgment was improper because the record reflects a material issue of fact in dispute; different inferences can reasonably be drawn from the application of the Declaration’s provisions to the Association’s activities. See Bender, 42 So.3d at 894. Accordingly, we reverse the trial court’s grant of summary judgment.

Reversed.

MAY and CIKLIN, JJ., concur.

. Article V(1) states "[t]he Association shall be responsible for the management, maintenance, and operation of the Common Areas, and for the payment of all real estate taxes and other assessments which are liens against the Common Area.”

. Article VI(1)(a) states ‘‘[t]he Association shall maintain and keep in good repair the Common Areas. The maintenance of the Common Areas shall include, without limitation, maintenance, repair, and replacement, subject to any insurance then in effect, of all ... recreational, maintenance, .and office facilities.”

. Article XIV(1) states "[t]he Properties shall . be used only for residential, recreational, and related purposes (which may include, without limitation, offices for any Property Manager retained by the Association or business offices or storage facilities for the Association) as may more particularly be set forth in this Declaration.”

.Section 720.306(l)(a), Florida Statutes (2009), states in pertinent part:
Unless a lower number is provided in the bylaws, the percentage of voting interests required to constitute a quorum at a meeting of the members shall be 30 percent of the total voting interests. Unless otherwise provided in this chapter or in the articles of incorporation or bylaws, decisions that require a vote of the members must be made by the concurrence of at least a majority of the voting interests present, in person or by proxy, at a meeting at which a quorum has been attained.