ON MOTION FOR REHEARING

PER CURIAM.
We grant Appellees’ motion for rehearing in part and deny the en banc rehearing by order. Upon motion for rehearing, we withdraw our prior opinion and substitute the following opinion in its place.
Give Kids the World, Inc. (“GKTW”), the defendant below, appeals a final judgment entered against it in a negligence action. GKTW argues that the lower court erred by denying its pretrial motion for summary judgment on its affirmative defense of release. We agree and reverse.
GKTW is a non-profit organization that provides free “storybook” vacations to seriously ill children and their families at its resort village, the Give Kids the World Village (“the Village”). Stacy and Eric Sanislo (“the Sanislos”) are the parents of a young girl with a serious illness. In November 2004, the Sanislos executed a liability release to GKTW in connection with a “wish request” that benefitted their daughter.[1] The release, in pertinent part, provided:
By my/our signature(s) set forth below, and in consideration of Give Kids the World, Inc. granting said wish, I/we hereby release Give Kids the World, Inc. and all of its agents, officers, directors, servants and employees from any liability whatsoever in connection with the preparation, execution, and fulfillment of said wish, on behalf of ourselves, the above named wish child and all other *761 participants. The scope of the release shall include, but not be limited to, damages or losses or injuries encountered in connection with transportation, food, lodging, medical concerns (physical and emotional), entertainment, photographs and physical injury of any kind.
[[Image here]]
I/we further agree to hold harmless and to release Give Kids the World, Inc. from any and all claims and causes of action of every kind arising from any and all physical or emotional injuries and/or damages which may happen to me/us, or damage to or theft of our personal belongings, jewelry or other personal property which may occur while staying at the Give Kids the World Village.
The wish request was approved and, upon their arrival at the Village from the state of Washington, the Sanislos executed another liability release with identical language.
During the course of her stay at the Village, Stacy Sanislo was injured when she, along with her husband, posed for a picture on a pneumatic wheelchair lift that was attached to the back of a horse-drawn wagon. The lift collapsed because the weight limit had been exceeded, injuring Ms. Sanislo. The Sanislos brought suit against GKTW, alleging that Ms. Sanislo’s injuries were caused by GKTWs negligence. In its answer, GKTW asserted the affirmative defense of release. Subsequently, GKTW filed a motion for summary judgment, arguing that the signed liability releases precluded a finding of liability. The Sanislos filed a motion for partial summary judgment on the issue of release as well. The trial court denied GKTWs motion, but granted that of the Sanislos.[2] Following a jury verdict, judgment was entered in the Sanislos’ favor.
On appeal, GKTW correctly asserts that it was entitled to summary judgment based on the release. Exculpatory clauses are disfavored under the law, but unambiguous exculpatory contracts are enforceable unless they contravene public policy. Applegate v. Cable Water Ski, L.C., 974 So.2d 1112, 1114 (Fla. 5th DCA 2008) (citing Cain v. Banka, 932 So.2d 575, 578 (Fla. 5th DCA 2006)). The wording of the exculpatory clause must be clear and understandable so that an ordinary and knowledgeable person will know what he or she is contracting away. Raveson v. Walt Disney World Co., 793 So.2d 1171, 1173 (Fla. 5th DCA 2001). This Court has expressly “rejected the need for express language referring to release of the defendant for ‘negligence’ or ‘negligent acts’ in order to render a release effective to bar a negligence action.” Cain, 932 So.2d at 578.[3] In Cain, this Court noted that an exculpatory clause absolving a defendant of “any and all liability, claims, demands, actions, and causes of action whatsoever” was sufficient to encompass the plaintiffs negligence action filed against a defendant track owner in connection with motocross bike riding. Id. at 579; see also Hardage Enters., Inc. v. Fidesys Corp., N.V., 570 So.2d 436, 437 (Fla. 5th DCA 1990) (determining that “any and all claims, demands, damages, actions, causes of action, or suits in equity, of whatsoever kind or nature” encompassed negligent action). A release need not list each possible manner in which the releasor could be injured in order to be effective. Cf. DeBoer v. Fla. *762 Offroaders Driver’s Ass’n, Inc., 622 So.2d 1184,1136 (Fla. 5th DCA 1998).
The instant release contains two separate provisions releasing GKTW from liability. One provision releases GKTW from “any and all claims and causes of action of every kind arising from any and all physical or emotional injuries and/or damages which may happen to me/us ... which may occur while staying at the Give Kids the World Village.” This language is markedly similar to the language in the release signed by the plaintiff in Cain, which encompassed the release of a negligence action. 932 So.2d at 577. A second provision releases GKTW from “any liability whatsoever in connection with the preparation, execution, and fulfillment of said wish .... ” This language is broad enough to encompass negligence claims arising from the injuries suffered by Ms. Sanislo due to the collapse of the wheelchair lift.
The Sanislos argue that the release is not clear and unambiguous because it applies to liability arising “in connection with the preparation, execution and fulfillment of said wish.” They suggest the nature and scope of the wish is not clear or defined and thus renders the release unenforceable. However, the wish, which was requested by the Sanislos, clearly encompassed events at the Village related to their stay and attendance at Orlando area theme parks. The Sanislos’ interpretation is not likely the interpretation that an “ordinary and knowledgeable person” would give to the clause. See Raveson, 793 So.2d at 1173. The language used clearly and unambiguously releases GKTW from liability for the physical injuries Ms. Sanislo sustained during her stay at the Village, and was sufficiently clear to make the Sanislos aware of the breadth of the scope of the release and what rights they were contracting away. The ability to predict each and every potential injury is unattainable and is not required to uphold an exculpatory provision within a release.
In addition to assessing the clarity of the language used in releases, this Court must consider the parties’ relative bargaining power in determining the enforceability of a release. Ivey Plants, Inc. v. FMC Corp., 282 So.2d 205, 208 (Fla. 4th DCA 1973). Enforcement of an exculpatory clause has been denied where the relative bargaining power of the contracting parties is unequal and the clause seeks to exempt from liability for negligence the party who occupies a superior bargaining position. Id. However, Florida courts have held that the bargaining power of the parties will not be considered unequal in settings outside of the public utility or public function context. For instance, in Banfield v. Louis, 589 So.2d 441, 443-44 (Fla. 4th DCA 1991), the court upheld the enforcement of a release executed by a participant in a triathlon and the trial court’s ruling that a disparity in bargaining power was “not applicable to entry of athletic contests of this nature, where a party is not required to enter it and not entitled to participate unless they want to.” The Banfield court emphasized that the application of Ivey Plants was limited to circumstances in which a release was executed on behalf of a public utility or a company serving some public function. Id. at 444-45. Consistent with this analysis, Florida courts have refused to find an inequality of bargaining power in recreational settings. Id.; DeBoer, 622 So.2d at 1136. Similarly, in Hardage Enterprises, this Court found that an exculpatory clause in an agreement entered into by the owner of a hotel complex and a construction manager of the complex was enforceable because its language was unambiguous and the parties were not in a position of unequal bargaining power. 570 So.2d at 438. This Court explained that the case *763 did not present “a situation where public policy mandates the protection of consumers who are offered a contract in a ‘take it or leave it’ form.” Id. at 439.
GKTW argues that the bargaining power of the parties cannot be viewed as unequal, because the Sanislos voluntarily participated in the GKTW program. The Sanislos, for their part, argue that the parties are of unequal bargaining power because they were offered a contract in a “take it or leave it” form, and GKTW gave them no choice but to sign the release in order to have their daughter’s wish fulfilled. Unfortunately for the Sanislos, however, the instant case is more akin to Banfield and DeBoer than it is to Ivey Plants. The Sanislos’ desire to fulfill their ill daughter’s wish is certainly understandable, but the parents’ desire to fulfill the wish and take advantage of the GKTW program does not equate to unequal bargaining power. The Sanislos were not consumers as contemplated in Hardage Enterprises. They were provided a copy of the release at the time they applied to the Make-A-Wish Foundation and made a decision to waive certain rights. GKTW is entitled to enforcement of that release.
We certify conflict with the First, Second, Third, and Fourth District Courts of Appeal. See Levine v. A. Madley Corp., 516 So.2d 1101 (Fla. 1st DCA 1987); Van Tuyn v. Zurich Am. Ins. Co., 447 So.2d 318 (Fla. 4th DCA 1984); Goyings v. Jack & Ruth Eckerd Found., 403 So.2d 1144 (Fla. 2d DCA 1981); Tout v. Hartford Accident & Indem. Co., 390 So.2d 155 (Fla. 3d DCA 1980).
REVERSED.
ORFINGER, C.J., and PALMER, J., concur.
COHEN, J., concurs and concurs specially with opinion.

. Fulfillment of a child's wish is accomplished in conjunction with the Make-A-Wish Foundation, a separate entity from GKTW.

. The parties stipulated that if the trial court granted one of the motions for summary judgment, then the other should be denied.

. As pointed out by the concurring opinion, this position is contrary to caselaw in the other district courts of appeal.