PER CURIAM.
The plaintiff, Coplan Pipe & Supply Company, Inc., appeals a final judgment on a jury verdict and urges as error an order on the pleadings which dismissed count one of its complaint. The defendant, Sunrise Point, Inc., cross-assigns error on a trial order directing a verdict for the plain *37 tiff/counter-defendant upon Sunrise’s counterclaim. We do not find error in either ruling and affirm the judgment.
Plaintiff Coplan was a supplier to a plumbing subcontractor. Defendant/counter-plaintiff Sunrise was the general contractor on a building project' for a condominium. After the default of the plumbing subcontractor, Coplan entered into a written contract with Sunrise to supply plumbing materials upon a cash basis. A claimed breach of written contract to pay for some materials was the basis of Coplan’s suit. A jury verdict was entered for defendant Sunrise on count two of the complaint, and that portion of the judgment based upon the jury verdict is not attacked on this appeal.
Coplan’s point on appeal claims error upon the trial judge’s order dismissing count one, which alleged unjust enrichment of Sunrise. That count of the complaint alleging unjust enrichment reads as follows:
“2. That the plaintiff supplied the defendant with plumbing supplies and materials which were used in the construction of a condominium building known as Sunrise Point, 8261 S.W. 128th Street Miami, Florida; that the value of the merchandise and materials supplied between July 1, 1974 and August 29, 1974 was in the approximate amount of $36,248.79 of which the defendant has failed to pay $11,200.00”
As stated, the only privity between the parties was under a written contract. Count two of the complaint alleged nonpayment for the same materials and was based on the written contract. Therefore, we hold that the dismissal of the count, at most, was harmless error because the plaintiff could recover only upon the completed execution of the express contract, and' that particular issue was presented and fully tried by the jury. Cf. Bloom v. Frese, 123 So.2d 47 (Fla.3d DCA 1960).
The appeal of Sunrise claims error upon the granting of a directed verdict for the counter-defendant upon its counterclaim for fraud. The claim of fraud was that the supplier, Coplan, agreed by express contract to supply all the plumbing material to complete the project for a set price of $8,500.00, and that the supplier never intended to perform at that figure. The evidence before the court from the written contract was that the $8,500.00 was an estimated figure. The contract provided “ . . . that the estimated amount of material needed to complete shall not exceed $8,500.00”. The letter contract was prepared by the president of Sunrise. Sunrise depends for proof of fraud upon a statement from the president of Coplan on the witness stand that he (Coplan) never believed that the project could be completed for that amount. The answer, in context, demonstrates that the witness was attempting to show that the estimate was not his and that he never would have made such an estimate. We agree with the trial judge that there was insufficient proof of fraudulent intent for the issue to go to the jury. Cf. Finney v. Frost, 228 So.2d 617 (Fla.4th DCA 1969), concerning the degree of proof with regard to fraud.
Affirmed.