559 So.2d 314 (1990)
MMH VENTURE, a Florida General Partnership, Metropolitan Life Insurance Company, a New York Corporation, Carlson Properties, Inc., a Minnesota Corporation, and Mimmi Management Company, Appellants,
v.
MASTERPIECE PRODUCTS, INC., DC, Inc., and Lexandria Corp., Appellees.
No. 89-161.
District Court of Appeal of Florida, Third District.
April 3, 1990.
*315 Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, Fort Lauderdale, Alan T. Dimond, Steven M. Goldsmith, Miami, Richard A. Sherman, Preddy, Kutner, Hardy, Rubinoff, Brown & Thompson and G. William Bissett, Miami, for appellants.
Bruce S. Rogow, Miller & Beilly, P.A., Fort Lauderdale, for appellees.
Before BARKDULL, FERGUSON and JORGENSON, JJ.
JORGENSON, Judge.
MMH Venture, Metropolitan Life Insurance Company, Carlson Properties, Inc., and Mimmi Management Company, appeal from a final judgment entered on a jury verdict finding liability and awarding Masterpiece Products, Inc., DC, Inc., and Lexandria Corp. compensatory and punitive damages. For the following reasons, we reverse in part and affirm in part.
Metropolitan, Carlson, and Mimmi, Inc., are general partners in MMH Venture, which owns the Radisson complex in Miami. The complex includes the Expo Center and Merchandise Mart. MMH Venture contracted with Mimmi Management to manage and operate the Expo Center and Merchandise Mart.
In August, 1986, a theft occurred at the Expo Center. Jewelry worth thousands of dollars was stolen from a first-aid room by unknown persons. Jewelers exhibiting their products at the "Gift Show"[1] had stored the jewelry overnight in the first-aid room after employees of Mimmi Management allegedly assured them that the jewelry would be safe and that the room was protected by twenty-four-hour security guards and an alarm. In fact, the Expo Center employed only "facility control officers" responsible for operating lights and air conditioning and limiting access to the center to members of the trade. Moreover, the alarm system was not working when the theft occurred.
Masterpiece Products, DC, Inc., and Lexandria Corp., three exhibitors whose jewelry had been stolen, sued Metropolitan, Carlson, MMH Venture, Mimmi, Inc., and Mimmi Management Co., alleging fraud, bailment for mutual benefit, negligence, and breach of contract. The lawsuit was later consolidated with a separate action against Mimmi Management arising from the same theft. Subsequently, Mimmi Management was voluntarily dismissed without prejudice from one of those actions.
By way of a special interrogatory verdict, the jury found defendants liable for fraud, breach of an agreement for a bailment for mutual benefit, and negligence. The jury awarded specific amounts to each plaintiff for compensatory damages and specific amounts for each plaintiff against each defendant for punitive damages on the fraud count. Defendants had moved for a directed verdict on all counts and later moved for judgment in accordance with their motions for directed verdict, for a new trial, and for remittitur. Upon a careful review of the record, we hold that the trial court erred in denying the motion for judgment in accordance with the motion for a directed verdict on the fraud count. We therefore reverse that portion of the judgment which found defendants liable for fraud and, accordingly, also reverse the awards of punitive damages. However, we affirm the trial court's entry of judgment on the jury's finding of negligence and also *316 affirm the awards for compensatory damages and interest on those awards.[2]
Despite the weight which our judicial system generally ascribes to a jury verdict,
[w]e are mindful ... that an appellate court should override a jury verdict when `there is no competent substantial evidence which sustains the jury's verdict or, stated in another form, when the verdict is against the manifest weight of the evidence.' A district court of appeal cannot affirm a verdict which rests `on a mere probability or guess,' or a verdict which `has no rational predicate in the evidence.'
Rakita v. Rose, 547 So.2d 154, 157 (Fla. 3d DCA 1989) (citations omitted).
Plaintiffs failed to present substantial competent evidence to support the jury's finding of fraud. To sustain a cause of action for fraud, a party must prove a false statement concerning a material fact; knowledge by the person making the statement that the representation is false; the intent by the person making the statement that the representation will induce another to act on it; and reliance on the representation to the other party's detriment. Lance v. Wade, 457 So.2d 1008, 1011 (Fla. 1984).
The record is devoid of any competent evidence that assurances given to the jewelers were known to be false when they were made or that defendants' employees had any intention to deceive the exhibitors in order to receive a certain benefit. See First Interstate Dev. Corp. v. Ablanedo, 511 So.2d 536, 539 (Fla. 1987) ("intentional misconduct necessary element of fraud"); Coplan Pipe & Supply Co. v. Sunrise Point, Inc., 360 So.2d 36, 37 (Fla. 3d DCA 1978) (same).
While defendants' employees may not have taken sufficient precautions when they provided the storage the night the theft occurred, there is no evidence that they had any sinister intent in making the arrangements. When defendants' employees made the representations regarding security, the jewelers had already signed contracts to exhibit their goods at the gift show. Defendants stood to gain no benefit from the arrangement; the storage was provided as a courtesy to the exhibitors, and no fees were charged. In fact, there was evidence presented that defendants had made similar storage arrangements in previous years without incident. Therefore, we conclude that the trial court erred in denying defendants' motion for a directed verdict on the fraud count.
Because we reverse the judgment entered on the verdict finding liability for fraud, we likewise reverse the awards of punitive damages, which were premised solely on the finding of fraud.[3]
We affirm the judgment entered on the jury's finding of negligence. The verdict for negligence was amply supported by substantial competent evidence that defendants had breached their duty of care by providing grossly inadequate security.
As to the trial court's evidentiary ruling on the admissibility of the "Rules and Regulations" of the Miami Gift Show, we find no error. For an exculpatory clause to be effective, it must clearly and unequivocally state that it releases the party from liability for its own negligence. University Plaza Shopping Center, Inc. v. Stewart, 272 So.2d 507 (Fla. 1973); Van Tuyn v. Zurich American Ins. Co., 447 So.2d 318 (Fla. 4th DCA 1984); Mankap Enter. v. Wells Fargo Alarm Serv., 427 So.2d 332 (Fla. 3d DCA 1983); Orkin Exterminating Co. v. Montagano, 359 So.2d 512 (Fla. 4th DCA 1978); Middleton v. Lomaskin, 266 So.2d 678 (Fla. 3d DCA 1972).
The exculpatory clause in the exhibitor's contract provided that:
Management shall not be held liable for any damage that might accrue for fire, theft, loss of merchandise either at the exhibit area, in transit to or from the exhibit area, injury, damage or breakage, *317 personal injury to exhibitors, their personnel, their buyers or visitors or for any other injury or damage alleged to have been caused or attributed to by reason of any exhibitors participation in the show. (Emphasis added.)
The underscored language, defendants argue, would have entitled the jury to exonerate them for plaintiffs' losses. However, the clause is not "clear and unequivocal" as required by University Plaza, 272 So.2d at 512, and Mankap, 427 So.2d at 333, but is susceptible of more than one interpretation. It is not clear whether the underscored clause encompasses theft, previously referred to in the paragraph, or whether "any other injury or damage" refers to "damage or breakage" and "injury to exhibitors." Moreover, nowhere in the clause did defendants seek to avoid liability for their own negligence. Compare Mankap, 427 So.2d at 333 n. 3 (following clause found clear and unequivocal:
It is understood that Wells Fargo is not an insurer.... Wells Fargo makes no warranty, expressed or implied, that the systems it installs or the services it furnishes will avert or prevent occurrences therefrom, which the systems and services are designed to detect... . The subscriber does hereby waive and release any rights of recovery against Wells Fargo that it may have hereunder... . It is agreed that if Wells Fargo should be liable for any losses or damages ... its liability shall be limited to a sum equal to ten percent of the annual charge hereunder, or $250.00, whichever is greater.)
Interpretation of contracts is a matter of law. Peacock Constr. Co. v. Modern Air Conditioning, Inc., 353 So.2d 840, 842 (Fla. 1977). The trial court correctly found the contract ambiguous and confusing and, thus, properly excluded it.
We find no merit in defendants' remaining points on appeal.
Affirmed in part, reversed in part, and remanded for entry of judgment consistent with the views expressed herein.
NOTES
[1] The "Gift Show" was sponsored by the appellants at the Expo Center. At the show, appellees displayed their jewelry for sale to the trade.
[2] We do not reach the issue of whether the trial court erred in denying defendants' motion for directed verdict on the bailment count, as the award of compensatory damages can be sustained on the jury's finding of negligence.
[3] As the awards of punitive damages are reversed, we do not reach the issue of whether the general partners in MMH Venture can be held vicariously liable for punitive damages for the acts of the employees of Mimmi Management.