636 So.2d 189 (1994)
The HERTZ CORPORATION, Appellant/Cross-Appellee,
v.
DAVID KLEIN MANUFACTURING, INC., Appellee/Cross-Appellant.
No. 93-971.
District Court of Appeal of Florida, Third District.
May 3, 1994.
Rehearing Denied June 7, 1994.
*190 Roland Gomez, Miami Lakes, and Doreen E. Lasch, Miami, for appellant.
Marc A. Kuperman, Joel Hirschhorn and Robert M. Einhorn, Coral Gables, for appellee.
Before SCHWARTZ, C.J., and BASKIN and LEVY, JJ.
BASKIN, Judge.
The Hertz Corporation appeals a final judgment awarding plaintiff, David Klein Manufacturing, Inc., damages in its action to recover the value of stolen property. Plaintiff cross-appeals an order denying its motion for additur. We affirm on appeal and cross-appeal.
David Klein, the principal of David Klein Manufacturing, Inc. [collectively "Klein"], is a jewelry salesman. While Klein was on Hertz's premises in Miami, one of his two jewelry sample cases was stolen. Klein sued Hertz to recover the value of the jewelry, asserting that Hertz breached its rental agreement, was negligent in the security it provided, and negligent in failing to take proper action once the loss occurred. Hertz answered and asserted as an affirmative defense that Klein's suit was barred by an exculpatory clause in the rental agreement.[1] The trial court disagreed and denied Hertz's motion for directed verdict.
The jury found Klein 51% negligent and Hertz 49% negligent; it awarded Klein $200,000. The trial court entered final judgment in Klein's favor for $98,000.00. Hertz appeals. Klein cross-appeals the denial of the motion for additur.
*191 We affirm the final judgment and hold that the exculpatory clause in the rental agreement does not bar Klein's action. Exculpatory clauses "are not favored in the law, and Florida law requires that such clauses be strictly construed against the party claiming to be relieved of liability. Such clauses are enforceable only where and to the extent that the intention to be relieved was made clear and unequivocal in the contract, and the wording must be so clear and understandable that an ordinary and knowledgeable party will know what he is contracting away." Southworth & McGill, P.A. v. Southern Bell Tel. & Tel. Co., 580 So.2d 628, 634 (Fla. 1st DCA 1991) (footnote and citations omitted).
The clause in this case fails because it does not clearly express the precise acts for which Hertz seeks to avoid liability. Further, the clause does not "clearly and unequivocally state that it releases [Hertz] from liability for its own negligence." MMH Venture v. Masterpiece Prod., Inc., 559 So.2d 314, 316 (Fla. 3d DCA 1990). Thus, we can find no error in the trial court's refusal to direct a verdict in Hertz's favor.
As to the cross-appeal, we decline to reverse the order denying Klein's motion for additur. The record does not demonstrate that the jury "misconceived the merits of the case relating to the amounts of damages recoverable;" that the award does not bear a "reasonable relation to the amount of damages proved and the injury suffered;" or that the amount awarded is unsupported by the evidence. Section 768.74(5)(b), (d), (e), Fla. Stat. (1993); see also McNair v. Davis, 518 So.2d 416 (Fla. 2d DCA 1988). In the present case, the sole evidence of the value of the lost jewelry case was not clear, obvious, and indisputable. McNair. The trial court's order denying additur is supported by the record. Griefer v. DiPietro, 625 So.2d 1226 (Fla. 4th DCA 1993) (on denial of motion for rehearing).
The final judgment and order denying the motion for additur are affirmed.
Affirmed.
NOTES
[1] The rental agreement provides as follows:

9. RESPONSIBILITY FOR PROPERTY
Hertz is not responsible for any damage to or loss of Yours or anyone else's property, regardless of cause, except if it results solely from the negligence or intentional wrongful acts or omissions of Hertz. This includes, but is not limited to, property left in the Car, or in any other vehicle, or on Hertz' premises. You and any Authorized Operators release Hertz, its agents and employees from any claims for loss of or damage to yours or anyone else's property. If anyone makes a claim against Hertz from any such loss that is claimed to be in any way connected with the rental, You and any Authorized Operators agree to hold Hertz harmless from such claim.