706 So.2d 920 (1998)
SUNNY ISLES MARINA, INC., Appellant,
v.
Avi ADULAMI, Robert R. Alexander, Alceu G. Aragao, Mark Avner, Joseph M. Aycock, Moises Azeraff, Maurice Bendayan, Philip Berlach, Stanley Beylin, Louis Birdman, Appellees.
No. 97-1746.
District Court of Appeal of Florida, Third District.
February 18, 1998.
*921 Hayden and Milliken, P.A. and William B. Milliken, Miami, for appellant.
Conrad, Scherer & Jenne and Linda R. Spaulding, Ft. Lauderdale; Canning, Murray & Peltz, P.A., and David R. Canning, and James D. Dechurch, Miami; William E. Cassidy and Michael C. Black, Miami, for appellees.
Before JORGENSON, LEVY and GREEN, JJ.
GREEN, Judge.
At issue before us is whether exculpatory provisions contained in the boat storage agreements between Sunny Isles Marina, Inc. ("Sunny Isles") and the appellees/boat owners are enforceable so as to absolve Sunny Isles from claims of negligence. We conclude that these provisions are ambiguous and thus unenforceable. We therefore affirm the final order which denied Sunny Isles' motion for summary judgment and dismissed its complaint for declaratory relief with prejudice.
Sunny Isles is the owner and operator of a marina and dry storage facility. The appellees are all owners and/or insurers of vessels stored at the marina. On September 7, 1995, a fire broke out at the facility, causing damage to the vessels owned and/or insured by the appellees. According to the record evidence, the fire is believed to have been caused by Sunny Isles' improper installation, maintenance, and use of a portable battery charging system aboard one of the vessels. At the time of the fire, and prior to the storage of their vessels at the marina, all of the appellees had executed storage agreements prepared by Sunny Isles. Those agreements contained the following provisions:
* * * * * *
7. RISK OF LOSS. The assigned space shall be occupied at the sole risk of the Owner. Owner agrees that the Marina is not the insurer of the Boat.... The Marina shall not be liable in any way for any loss or damage sustained by Owner or anyone claiming by, through or under Owner which arises out of any cause not attributable to the willful gross negligence of the Marina, nor shall the Marina be liable for any loss or damage to the Boat, its equipment or property stored thereon, due to fire, theft, vandalism, collision, Marina equipment failure, wind storm, rain, hurricane or other casualty loss. Personal property aboard the Boat is stored at the sole risk of Owner for loss from any cause.
8. INDEMNIFICATION. The Owner hereby waives any right it has to claim any damages or other loss or liability from the Marina, its employees or agents arising out of any accident, fire, or other casualty about the Marina, whether the same results from any act or neglect of the Marina or any occupant, invitee, guest or other persons in or about the Marina.
Owner agrees to indemnify the Marina against all claims, actions, liability and damages, including attorney's fees, whether claimed by the owner, its guests, family, employees, agents or other third parties, arising out of the Owner's possession and use of the storage space and other facilities of the Marina.
Owner agrees to indemnify the Marina from and against any claim, suit, loss, liability or costs, including attorney's fees, arising out of, or resulting from, any use, operation or occupancy of the Boat by Owner or anyone claiming by, through or under Owner.
After the fire, the appellees all filed claims with Sunny Isles for the damage to their vessels. On November 3, 1995, Sunny Isles instituted a declaratory judgment action seeking a determination that it was completely *922 relieved of any liability for appellees' losses by virtue of these exculpatory provisions. Thereafter, Sunny Isles moved for summary judgment in this action which was denied by the lower court. Sunny Isles moved for rehearing or clarification of the order. The lower court denied the same and dismissed the complaint for declaratory relief with prejudice. This appeal followed.
Exculpatory provisions which attempt to relieve a party of his or her own negligence are generally looked upon with disfavor, and Florida law requires that such clauses be strictly construed against the party claiming to be relieved of liability. See Hertz Corp. v. David Klein Mfg., Inc., 636 So.2d 189, 191 (Fla. 3d DCA 1994); Southworth & McGill v. Southern Bell Tel. & Tel. Co., 580 So.2d 628, 634 (Fla. 1st DCA 1991); Ivey Plants, Inc. v. FMC Corp., 282 So.2d 205, 208 (Fla. 4th DCA 1973), cert. denied, 289 So.2d 731 (Fla.1974); Middleton v. Lomaskin, 266 So.2d 678, 680 (Fla. 3d DCA 1972). Such provisions, however, have been found to be valid and enforceable by Florida courts where the intention is made clear and unequivocal. See Michel v. Merrill Stevens Dry Dock Co., 554 So.2d 593, 595 (Fla. 3d DCA 1989); Goyings v. Jack Ruth Eckerd Found., 403 So.2d 1144, 1146 (Fla. 2d DCA 1981); Orkin Exterminating Co. v. Montagano, 359 So.2d 512, 514 (Fla. 4th DCA 1978) ("[W]e do not look with favor on exculpatory clauses, we must require the draftsmen of all contracts which contain them to use clear and unequivocal language totally without a hint of deceptive come-on, or inconsistent clauses."). We have stated that:
Such clauses are enforceable only where and to the extent that the intention to be relieved was made clear and unequivocal in the contract, and the wording must be so clear and understandable that an ordinary and knowledgeable party will know what he is contracting away. (citation omitted).
Hertz, 636 So.2d at 191.
We do not find that the use of the word "neglect" in paragraph eight of the storage agreements, as opposed to the use of the word "negligence," causes the paragraph to be ambiguous. The common meaning of the word "neglect" is "negligence," and we thus find no material distinction between the two.
We note, however, an ambiguity when paragraphs seven and eight are read in pari materia. On the one hand, section seven of the Sunny Isles boat storage agreement purports to absolve Sunny Isles of liability for any actions except willful gross negligence. On the other hand, paragraph eight of the agreement purports to absolve Sunny Isles from any form of negligence (be it simple or gross).
Further, not only do paragraphs seven and eight conflict with each other, we also note a fatal ambiguity within paragraph seven's language. This paragraph first says that Sunny Isles is not liable for any loss not attributable to its willful gross negligence, but it also says that Sunny Isles is not liable for any loss due to fire, theft, vandalism, collision, etc. Thus, if there was damage to property due to, for example, theft, and that theft was caused by the willful gross negligence of Sunny Isles, it is unclear which clause of that sentence in paragraph seven would prevail; the one which says Sunny Isles can be liable, or the one which says Sunny Isles cannot be liable. The next sentence of paragraph seven, which states that personal property aboard the boat is stored at the sole risk of the owner for loss from any cause, creates a similar ambiguity.
Because of the ambiguity caused by the conflict of paragraphs seven and eight, and the internal conflict within paragraph seven, we find that an ordinary and knowledgeable party would not know what he or she is contracting away in this regard. Therefore, we conclude that the summary judgment and dismissal of this complaint with prejudice was properly ordered by the lower court.
Affirmed.