756 So.2d 1105 (2000)
Dixie Lee GOEDEN, Appellant,
v.
CM III, INC. d/b/a Motorcycle Ryder Education Lower of South Florida, Appellee.
No. 3D99-2929.
District Court of Appeal of Florida, Third District.
May 10, 2000.
Logan & Hibnik and Keri Lynda Horvat, for appellant.
Walton Lantaff Schroeder & Carson and Robert L. Teitler, for appellee.
Before COPE, GREEN and SORONDO, JJ.
COPE, J.
Dixie Lee Goeden appeals an adverse summary judgment in her personal injury action against CM III, Inc., which does business as Motorcycle Ryder Education of South Florida. We affirm.
Plaintiff-appellant Goeden was a parking enforcement specialist for the City of Miami Beach, and rode a three-wheel vehicle to perform her duties. The City made a determination that in order to operate the three-wheel vehicles on city streets, parking enforcement personnel had to have a motorcycle endorsement for their driver's licenses.[1] The employees were given the alternatives of attending the defendant-appellee's motorcycle school in order to learn the skills to obtain a motorcycle endorsement for their driver's licenses, or performing their duties on foot, or transferring to another line of work.
Plaintiff signed up for the motorcycle school. In order to enroll, plaintiff was *1106 required to sign a release of liability which, among other things, included a release of liability for the school's own negligence.
While attending the school, plaintiff fell from her motorcycle and was injured. She alleged that this was on account of negligence of the school in allowing unauthorized personnel in the training area, which caused her to become distracted and fall. Plaintiff brought suit against the school for her injuries. The school obtained summary judgment in its favor based on the release plaintiff had executed.
On this appeal, the plaintiff argues that the release should be declared void as against public policy. The Fourth District has said:
The public interest factor will invalidate an exculpatory clause when: (1) it concerns a business of a type generally suitable for public regulations; (2) the party seeking exculpation is engaged in performing a service of great public importance, which is often a matter of practical necessity for some members of the public; (3) the party holds himself out as willing to perform this service for any member of the public who seeks it; (4) as a result of the essential nature of the service and the economic setting of the transaction, the party seeking exculpation possesses a decisive advantage in bargaining strength; (5) in exercising superior bargaining power, the party confronts the public with a standardized adhesion contract of exculpation; and (6) as a result of the transaction, the person or property of the purchaser is placed under control of the party to be exculpated.
Banfield v. Louis, 589 So.2d 441, 446 (Fla. 4th DCA 1991) (citing Tunkl v. Regents of the University of California, 60 Cal.2d 92, 32 Cal.Rptr. 33, 383 P.2d 441, 445-46 (1963)).
Plaintiff argues that in order to obtain the motorcycle endorsement for her driver's license, state law required that she had to have a certificate that she had completed the motorcycle schooleither the school operated by the defendant or some other approved school. If the plaintiff were correct in this contention, then we would agree that the release violated public policy. However, under Florida law it was not necessary for plaintiff to complete the motorcycle school in order to obtain the motorcycle endorsement.
Florida law provides for motorcycle safety education programs like that operated by the defendant. See § 322.0255, Fla. Stat. (1995).[2] The driver's license law states in part: "On and after January 1, 1989, every first-time applicant for licensure to operate a motorcycle who is under 21 years of age shall be required to complete a motorcycle education course as established pursuant to this section." Id. § 322.0255(8) (emphasis added); see also id. § 322.12(5)(a) ("Every first-time applicant for licensure to operate a motorcycle who is under 21 years of age shall be required to provide proof of completion of a motorcycle safety course, as provided for in s. 322.0255, prior to such licensure to operate a motorcycle."). The plaintiff in this case was over twenty-one at the time she enrolled in the motorcycle school, so this course was not mandatory for plaintiff under Florida law.
Plaintiff stresses the fact that she was required to attend this school by her employer if she wanted to continue using the three-wheel vehicle. However, the action of the City cannot be imputed to the defendant.
For members of the public who are twenty-one or older, attendance at the motorcycle school is an available option, but not a requirement, insofar as the driver's license law is concerned. That being so, we are not persuaded that attendance at the school is a matter of practical necessity or an essential service within the meaning of Banfield. We conclude that the release is valid for a person who is twenty-one or *1107 older, and consequently affirm the summary. judgment.
Affirmed.
NOTES
[1] Plaintiff says that this determination by the City was later rescinded.
[2] The release was executed, and the accident occurred, in July of 1996.