762 So.2d 938 (2000)
Michael James COVERT, M.D., Appellant,
v.
SOUTH FLORIDA STADIUM CORP., Appellee.
No. 3D99-1522.
District Court of Appeal of Florida, Third District.
May 17, 2000.
Rehearing Denied July 19, 2000.
*939 McGrane and Nosich, and Rhea P. Grossman, for appellant.
Marlow, Connell, Valerius, Abrams, Adler and Newman, and William G. Edwards, for appellee.
Before JORGENSON, GODERICH, and RAMIREZ, JJ.
PER CURIAM.
Appellant/plaintiff Michael James Covert, M.D. appeals a judgment on the pleadings in favor of the appellee/defendant South Florida Stadium Corp [Stadium]. We reverse.
Covert sued the Stadium for personal injuries he sustained while attending a Miami Dolphin football game at Pro Player Stadium as a club-level season-ticket holder when allegedly intoxicated fans beat him up. The trial court found that the affirmative defense raised by the Stadium based on an exculpatory clause contained in the contract signed by Covert when he purchased his season tickets entitled the Stadium to judgment on the pleadings. Under the terms of the clause, the Stadium is relieved of liability for negligence and is also indemnified for any payments it is required to make in the event of injury caused by the ticket holder or any one else.[1] Covert denied the affirmative defense and responded that the exculpatory clause was illegal as against the public interest and lacked mutuality. He also argued that an ambiguity was created in the contract because, in another clause, the contract states that it does not confer any greater or lesser rights and privileges to Covert than to any other ticket holder.[2]
In Scarborough Assoc. v. Financial Fed. Sav. & Loan Ass'n of Dade County, 647 So.2d 1001, 1002 (Fla. 3d DCA 1994), this Court, quoting from Yunkers v. Yunkers, 515 So.2d 419, 420 (Fla. 3d DCA 1987), explained the heavy burden the moving party must meet in order to prevail on a motion for judgment on the pleadings:
In ruling on a motion for judgment on the pleadings material allegations of the moving party which have been denied are taken as false. Conclusions of law *940 also are not deemed admitted for purposes of the motion. The court must accept as true all well-pleaded allegations of the non-moving party. Judgment on the pleadings can be granted only if, on the facts as admitted for purposes of the motion, the moving party is clearly entitled to judgment.
We have also held that "[e]xculpatory provisions which attempt to relieve a party of his or her own negligence are generally looked upon with disfavor, and Florida law requires that such clauses be strictly construed against the party claiming to be relieved of liability." Sunny Isles Marina, Inc. v. Adulami, 706 So.2d 920, 922 (Fla. 3d DCA 1998). For such provisions to be found valid and enforceable by Florida courts, the intention of the parties must be made clear and unequivocal. Id. As stated in Hertz Corp. v. David Klein Mfg., Inc., 636 So.2d 189, 191 (Fla. 3d DCA 1994):
Such clauses are enforceable only where and to the extent that the intention to be relieved was made clear and unequivocal in the contract, and the wording must be so clear and understandable that an ordinary and knowledgeable party will know what he is contracting away.
As in Sunny Isles, the contract here contains two ambiguous provisions and this ambiguity precludes judgment on the pleadings. Paragraph 3.4 absolves the Stadium of liability except for "intentional misconduct" while paragraph 1.1 states that the agreement does not confer any greater or lesser rights and privileges on Covert than those held by other ticket holders. Covert offered evidence that regular season ticket-holders were not required to execute any licensing agreement and thus the Stadium was not exonerated from liability to those ticket holders. Obviously, under the Stadium's interpretation, Covert was indeed conferred a lesser right when he signed the contract for his club-level seats.
The clause also suffers from the same internal ambiguity as the clause in Sunny Isles. Under the terms of paragraph 3.4 of the contract, the Stadium is not liable for any loss, except that "due to the intentional misconduct of [the Stadium] or [the Stadium's] employees, agents or other representatives." In case of theft, an intentional act, liability would be excluded under the first part of the sentence but ostensibly included under the second, assuming the "unless" clause modifies the "theft and vandalism" clause earlier in the sentence or the sentence immediately preceding which addresses the "sole or joint negligence of the Stadium. The terms of the indemnity clause further complicate the issue because, under a literal reading, Covert would arguably have to indemnify the Stadium for a loss by theft suffered by Covert's guest due to the sole negligence of the Stadium. Furthermore, these clauses must be read in pari materia with the clause that purports not to confer any greater or lesser rights on Covert than those afforded to other ticket-holders. In this case, we find that the various clauses are so ambiguous that an ordinary and knowledgeable party would not know what he or she was contracting away. Since construction of the ambiguous exculpatory and indemnity clauses is required in this case, the judgment on the pleadings in favor of the Stadium must be reversed.
Reversed and remanded.
NOTES
[1] Paragraph 3.4 of the ticket contract provides:

Owner shall not be liable or responsible for any loss, damage, or injury to any person or to any property of Licensee or Licensee's guests in or upon the Stadium, resulting from any cause whatsoever, including but not limited to theft and vandalism, and including the sole or joint negligence of Owner, unless due to the intentional misconduct of Owner or Owner's employees, agents or other representatives.
In addition, Licensee agrees to indemnify and hold Owner harmless from and against any liability, losses, claims, demands, costs and expenses including attorney's fees and litigation expenses arising out of any personal injury or property damage occurring in or upon the Stadium due to or resulting from the breach by Licensee or Licensee's guests of any of the terms and conditions of this Agreement or of any applicable laws, rules, regulations or orders of any governmental agency having appropriate jurisdiction over the Stadium, the Seat or over any actions or negligence of Licensee, or from any other cause whatsoever, including but not limited to the sole or joint negligence by the Owner.
[2] Paragraph 1.1 provides, in pertinent part:

This Agreement provides Licensee only with the right and privilege to possess and use the Seat in the manner set forth herein, and except as pertains to the special right and privilege to so possess and use the Seat, this Agreement does not confer upon Licensee or Licensee's guests any greater or lesser rights and privileges with respect to admission to the Stadium than afforded to other holders of tickets for admission thereto.