802 So.2d 420 (2001)
Osvaldo GAYON, Appellant,
v.
BALLY'S TOTAL FITNESS CORPORATION, Appellee.
No. 3D01-425.
District Court of Appeal of Florida, Third District.
December 5, 2001.
Chasin & Baron; Kutner, Rubinoff, Bush & Lerner and Susan S. Lerner, Miami, for appellant.
George, Hartz, Lundeen, Fulmer, Johnstone, King & Stevens and Esther E. Galicia, Fort Lauderdale, for appellee.
Before GREEN, SHEVIN and SORONDO, JJ.
PER CURIAM.
We affirm the final summary judgment. "[Exculpatory] clauses are enforceable only where and to the extent that the *421 intention to be relieved was made clear and unequivocal in the contract, and the wording must be so clear and understandable that an ordinary and knowledgeable party will know what he is contracting away." Covert v. S. Fla. Stadium Corp., 762 So.2d 938, 940 (Fla. 3d DCA 2000) (quoting Hertz Corp. v. David Klein Mfg., Inc., 636 So.2d 189, 191 (Fla. 3d DCA 1994)), review denied, 786 So.2d 1188 (Fla. 2001). The exculpatory clause in the health club membership contract Gayon signed satisfies the clear and unequivocal language requirement. See Borden v. Phillips, 752 So.2d 69 (Fla. 1st DCA 2000); Banfield v. Louis, 589 So.2d 441 (Fla. 4th DCA 1991). Cf. Fairchild v. W.O. Taylor Commercial Refrigeration & Elec. Co., 403 So.2d 1119 (Fla. 5th DCA 1981) (assuming clause intended as exculpation of liability, clause, printed in very small print and sandwiched between other sentences dealing with performance, is unenforceable). In addition, the application of the public interest test shows that the clause is valid, enforceable and not against public policy. See Goeden v. CM III, Inc., 756 So.2d 1105 (Fla. 3d DCA 2000); Banfield, 589 So.2d at 441.
Affirmed.