859 So.2d 1218 (2003)
Dr. Edwin RUSKIN and Clarice Ruskin, Appellants,
v.
Charles F. RYAN, as the Personal Representative of the Estate of Linda W. Ryan, Appellee.
No. 4D02-2122.
District Court of Appeal of Florida, Fourth District.
November 5, 2003.
Rehearing Denied December 8, 2003.
Betsy E. Gallagher and Dorothy C. Venable of Cole, Scott and Kissane, P.A., Tampa, and Peter A. Sachs of Jones Foster Johnston & Stubbs, West Palm Beach, for appellants.
John M. Quaranta of Tew Cardenas Rebak Kellogg Lehman DeMaria Tague Raymond *1219 & Levine, L.L.P., Miami, for appellee.
PER CURIAM.
Linda Ryan (Ryan), a securities broker, prevailed in a suit brought against her by appellants, Dr. Edwin Ruskin and Clarice Ruskin (the Ruskins), to recover $100,000 that they invested and lost due to an illegal Ponzi scheme run by Omni Capital Group, Ltd. (Omni). The Ruskins' suit for fraud, breach of contract, breach of fiduciary duty, negligence, sale of an unregistered security, and negligent supervision went to arbitration before the National Association of Securities Dealers, and resulted in dismissal of all allegations against Ryan and an assessment of fees in the amount of $6,600 against the Ruskins.
Ryan subsequently filed suit against the Ruskins and their attorney, Charles Franken (Franken), alleging malicious prosecution, conspiracy to maliciously prosecute, solicitation of perjury, and perjury.[1] Ryan's claims against Franken were dismissed pursuant to a settlement agreement. Her claims against the Ruskins proceeded to a jury trial, which resulted in a verdict in favor of Ryan on all counts, and an award of $750,000 in compensatory damages. Following the denial of motions for directed verdict and new trial, the trial court entered final judgment in accordance with the verdict. This appeal follows.
We have considered the Ruskins' arguments that the trial court erred in denying their motions for directed verdict on various counts, and find them to be without merit. Thus, we affirm the jury's substantive findings of liability. On the issue of damages, however, we hold that the jury's verdict is not supported by competent substantial evidence and reverse and remand for a new trial on damages only.
The evidence showed that Ryan hired attorneys to represent her in fourteen lawsuits stemming from these investments, including the Ruskins' suit, an SEC investigation, and a class action suit. Her attorney testified at trial that the total amount of fees incurred by Ryan for his representation of her in all fourteen suits was $360,000. No evidence, however, was presented to show that all of these fees were incurred as a result of the suit filed by the Ruskins against Ryan.
Similarly, Ryan's husband and personal representative, Charles Ryan (Charles), testified that Ryan lost income in the amount of $1,264,000 as a result of the Ruskins' suit. In arriving at this figure, Charles determined how much Ryan would have made had she continued to work at Prudential Securities through 1992, and then ascertained the difference between that amount and the amount she actually earned each year until her death in 1998. Although there was evidence that Ryan was fired from Prudential Securities for her involvement with Omni, there was no evidence that she lost her job as a result of the Ruskins' suit as opposed to the ensuing SEC investigation or the suits brought by other investors. In addition, although Ryan began working with Dean Witter soon after her employment with Prudential was terminated and apparently earned a lower income than she had previously, there was no evidence that the Ruskins' suit caused Ryan to have a diminished earning capacity.
As the Third District stated in MMH Venture v. Masterpiece Products, Inc., 559 So.2d 314 (Fla. 3d DCA 1990):

*1220 Despite the weight which our judicial system generally ascribes to a jury verdict,
"[w]e are mindful ... that an appellate court should override a jury verdict when `there is no competent substantial evidence which sustains the jury's verdict or, stated in another form, when the verdict is against the manifest weight of the evidence.' A district court of appeal cannot affirm a verdict which rests `on a mere probability or guess,' or a verdict which `has no rational predicate in the evidence.'"
Id. at 316 (quoting Rakita v. Rose, 547 So.2d 154, 157 (Fla. 3d DCA 1989) (citations omitted)). The instant case is one in which there is no competent substantial evidence to support the amount of the damages awarded.
Accordingly, we affirm the liability verdict in favor of Ryan, but reverse the damages award. Because there was no interrogatory verdict, we are unable to determine the extent of the compensatory damages erroneously awarded, but the record is clear that, absent the unsupported damages, the award could not have reached $750,000. We therefore remand for a new trial on damages.
AFFIRMED in part; REVERSED in part and REMANDED.
POLEN and STEVENSON, JJ., concur. SHAHOOD, J., dissents with opinion.
SHAHOOD, J., dissenting.
I would affirm the final judgment entered in accordance with the jury's verdict in all respects. There was sufficient and adequate testimony to enable the jury to return the verdict it did in the amount rendered. The trial court properly allowed the jury, in its fact-finding capacity, to weigh the evidence presented and render its verdict. I would not disturb the jury's finding. See, e.g., Uniroyal Tire Co. v. Trujillo, 711 So.2d 606, 609 (Fla. 3d DCA 1998) (a verdict is against the manifest weight of the evidence only when it is clear, obvious, and indisputable that the jury was wrong).
NOTES
[1] During the pendency of this lawsuit, Ryan died. The personal representative of her estate was substituted as plaintiff.