COHEN, J.,
concurring specially.
If I were writing on a clean slate, I would affirm the trial court’s denial of GKTW’s summary judgment. I am bound, however, to follow this Court’s prior decisions that do not require an express reference to negligence in a release in order to render the release effective to such actions. This District stands alone on this position. See Levine v. A. Madley Corp., 516 So.2d 1101 (Fla. 1st DCA 1987); Van Tuyn v. Zurich Am. Ins. Co., 447 So.2d 318 (Fla. 4th DCA 1984); Goyings v. Jack & Ruth Eckerd Found., 403 So.2d 1144 (Fla. 2d DCA 1981); Tout v. Hartford Accident & Indem. Co., 390 So.2d 155 (Fla. 3d DCA 1980).
The better view is to require an explicit provision to that effect. Exculpatory clauses are “by public policy disfavored in the law because they relieve one party of the obligation to use due care, and shift the risk of injury to the party who is probably least equipped to take the necessary precautions to avoid injury and bear the risk of loss.” Tatman v. Space Coast Kennel Club, Inc., 27 So.3d 108, 110 (Fla. 5th DCA 2009). While those trained in the law might understand and appreciate that the general language releasing a party from any and all liability could encompass the injuries suffered by Ms. Sanislo, a release should be readily understandable so that an ordinary and knowledgeable person would know what is being contracted away. I would suggest that the average ordinary and knowledgeable person would not understand from such language that they were absolving an entity from a duty to use reasonable care. Conversely, a clause which provides a waiver of liability for one’s own negligence is easily understood. The other district courts of appeal have recognized how simple it is to add *764 such a clause in a release. I suggest we do the same.