LEWIS, J.,
dissenting.
Today the majority leaves our most vulnerable citizens open to catastrophe from those who seek to shield themselves from their own fault. Florida precedent mandates that because the advance liability release and hold harmless agreement signed by the Sanislos did not explicitly and unambiguously warn that Give Kids the World would be released and held harmless for its own failure to exercise reasonable care as previously outlined and required under Florida law, no such waiver was made. I disagree with the decision of the majority that such explicit warning is required only for valid indemnity agreements, but not for combined releases, indemnification, and hold harmless agreements, such as the document in this case.
In University Plaza Shopping Center v. Stewart, 272 So.2d 507, 509 (Fla.1973), the Court considered whether an indemnity agreement in which one party agreed to indemnify another for “any and all claims” included those that arose solely out of the negligence of the indemnitee. The Court concluded that indemnification agreements will be effective against the negligence of the indemnitee only if that intention is expressed in clear and unequivocal terms. Id. The Court then held that an agreement to indemnify against “any and all claims” does not clearly and unequivocally express the intent to include claims that result exclusively from the negligence of the indemnitee. Id. at 511. The majority provides no logical basis to ignore that well established principle.
As the majority recognizes but fails to apply, exculpatory clauses that protect a party from his or her own negligence are disfavored. See Op. at 260-61, 271; see also Charles Poe Masonry, Inc. v. Spring Lock Scaffolding Rental Equip. Co., 374 So.2d 487, 489 (Fla.1979). Based on this policy, the Court in Charles Poe Masonry extended the holding of University Plaza to apply even where the indemnified party is jointly liable with the indemnitor. See id. at 489-90 (“Under classical principles of indemnity, courts of law rightfully frown upon the underwriting of wrongful conduct, whether it stands alone or is accompanied by other wrongful acts.”). Additionally, courts strictly construe exculpatory clauses against the party that seeks to be relieved of liability. See Cain v. Banka, 932 So.2d 575, 580 (Fla. 5th DCA 2006); see also Sunny Isles Marina, Inc. v. Adulami, 706 So.2d 920, 922 (Fla. 3d DCA 1998). Courts have consistently required that explicit language be used in agreements that attempt to contract away liability for one’s own negligence, and the language must be sufficiently clear and understandable such that an ordinary and knowledgeable person will comprehend the rights that he or she relinquishes. Gillette v. All Pro Sports, LLC, 135 So.3d. 369, 370 (Fla. 5th DCA 2014). The language here has previously been held to be insufficient. The public policy that disfavors exculpatory clauses should apply with equal force to all contracts that operate to remove a party’s obligation to act with reasonable care.
Moreover, a hold harmless agreement is simply another term for an indemnification agreement. See 42 C.J.S. Indemnity § 23 (2014) (“The term ‘hold harmless’ means to *273 fully compensate the indemnitee for all loss or expense, and an agreement to hold harmless is a contract of indemnity that requires the indemnitor to prevent loss to the indemnitee or to reimburse the indem-nitee for all losses suffered from the designated peril.”) (footnotes omitted); see also Black’s Law Dictionary 887 (10th ed. 2014) (stating that “indemnity clause” may also be termed “hold-harmless clause”). Accordingly, because the Court has previously held that indemnification agreements are ineffective against the negligence of the party being indemnified unless they clearly and explicitly state this intent in language that can be understood by an ordinary and knowledgeable person, agreements to release and hold harmless without such language should be deemed similarly ineffective.
The rational basis for this principle of law is that a general release and hold harmless agreement may not sufficiently warn the untrained signing party that the other party will not be responsible for its own negligent acts. The signing party may instead understand the contract as an agreement that exempts the other party from any injury that occurs as a result of a third party. For example, in this case, the Sanislos signed a contract that was both a release and a hold- harmless agreement, and a number of other entities were involved in carrying out the wish that Give Kids the World granted, including food vendors and transportation providers. The Sanislos could have understood that Give Kids the World would not be liable for the negligence of these other entities, and may not have understood that Give Kids the Worlds would not be liable for its own negligence. As established under Florida law, a specific provision that explicitly states that a party will be released and held harmless for liability for its own negligence would clarify the nature of the release so that individuals would have full knowledge of what risks they undertake by signing such a contract. There simply is no rational or logical legal reasoning that would require one to explicitly state a party will be indemnified for its own negligence as a condition of validity as is the current law, but not required to do so if that agreement also includes a release!
For these reasons, I dissent.
PARIENTE and QUINCE, JJ., concur.