717 So.2d 590 (1998)
Jesse E. LANTZ, etc., et al., Appellant,
v.
IRON HORSE SALOON, INC., Appellee.
No. 97-2342.
District Court of Appeal of Florida, Fifth District.
September 4, 1998.
Jonathan I. Rotstein, of Law Offices of Jonathan I. Rotstein, Daytona Beach, for Appellant.
Gerard F. Keating, of Gerard F. Keating, P.A., Daytona Beach, for Appellee.
HARRIS, Judge.
Rita Schierer, as natural guardian of Jesse Lantz, filed suit against Iron Horse Saloon, Inc. for injuries Jesse received while operating *591 a "pocket bike" on premises owned by Iron Horse. Iron Horse moved to dismiss the complaint on the basis of a release executed by Jesse and Rita. The trial court dismissed the complaint.
Appellant's stated issue on appeal is: "The trial court erred by granting the Defendant's motion to dismiss." Unquestionably, the trial court did. As Hardage Enterprises, Inc. v. Fidesys Corp., N.V., 570 So.2d 436 (Fla. 5th DCA 1990), reminds us, a release is an affirmative defense. An affirmative defense that does not appear on the face of the complaint may not be the basis of a motion to dismiss. Instead, as shown by Hardage, a release should be pled in the answer and then raised either on a motion for judgment on the pleadings or summary judgment.[1]
However, even though appellant raised the correct issue, she does not argue on appeal that the timing of presenting the affirmative defense was error. Instead, appellant argues that the court erred in its substantive ruling that the release barred her cause of action. Her contention is that since the release in this case did not specifically release defendant from its own negligence, it is not a bar to her action. This appears to be the law. These cases stem from University Plaza Shopping Center, Inc. v. Stewart, 272 So.2d 507 (Fla.1973), a case dealing with an indemnity agreement in a lease. The supreme court held that an agreement that the lessee would indemnify the landlord "from and against any and all claims for any personal injury or loss of life in and about the demised premises" would not indemnify the landlord for loss resulting from its own negligence unless such intention is expressed in clear and unequivocal terms. One would not expect that a lessee's obligation to hold the landlord harmless for injuries occurring on the demised premises would normally include injuries caused by the landlord's own negligence. This would mean the lessee would be paying the landlord for damages caused to the landlord by itself. Such an unusual arrangement should be expressed clearly. A release, on the other hand, contemplates giving up a claim against the one known to have caused (or might in the future cause) an injury. Even so, the cases hold that the release must clearly demonstrate that it also releases one from his or her own negligence before it will be effective.
In this case, appellant wished to have her son ride a "pocket bike" on premises owned by appellee. Before the son was permitted to do so, appellee required the execution of the release herein. Her son was injured, according to the complaint, when the back wheel of his bike was clipped by the rider of another bike. She claims appellee was negligent in not providing safety equipment or helmets to those riding the bikes and in failing to post any rules or restrictions relating to the activity. Both of these conditions were readily apparent to her when she executed the release.
The question the trial court considered was whether the release executed in this case bars this action. In the release, appellant released Iron Horse "from all, and all manner of action and actions, cause and causes of action, suits ... damages ... claims and demands whatsoever, in law or in equity, which [appellant] ever had, now has,... hereafter can, shall or may have, against [appellee] for upon or by reason of any matter, cause or thing whatsoever ..." The test is not whether the release actually uses the phrase "its own negligence" in the release. Exculpatory clauses will release even a party's own negligence "to the extent that the intention to be relieved from liability was made clear and unequivocal in the contract; wording must be so clear and understandable that an ordinary and knowledgeable party will know what he is contracting away." See Greater Orlando Aviation Authority v. Bulldog *592 Airlines, Inc., 705 So.2d 120 (Fla. 5th DCA 1998).
We held in Hardage Enterprises, Inc. v. Fidesys Corp., N.V., 570 So.2d 436 (Fla. 5th DCA 1990), that a release which applied to "any and all claims, demands, damages, actions, causes of actions, or suits in equity, of whatsoever kind or nature" was sufficient to release even claims based on the negligence of the party being released. The same can be said of the release executed in this case.
Even though the release should not have been raised on a motion to dismiss, since appellant has not raised the issue, we affirm.
AFFIRMED.
GRIFFIN, C.J., and THOMPSON, J., concur.
NOTES
[1] Our first inclination was to reverse for this reason. The procedure followed below prevents plaintiff, if he or she so chooses, to file a reply containing an avoidance to the affirmative defense. As the case now stands, we are limited to reviewing this cause as though a general denial was filed to the affirmative defense. We are thus restricted to consider only whether the plaintiff actually executed the release (a fact she does not contest in her brief) or whether the release by its terms fails to operate as a release in this case. Claims of avoidance, such as waiver and estoppel, are not before us.