PER CURIAM.
This case involves the ownership of a Heisman Trophy awarded to Billy Sims in 1978. The issue on appeal is whether the trial court erred in dismissing a counterclaim based on the defendant/counter-plaintiffs failure to join an indispensable party where the counterclaim does not demonstrate that such party is indispensable. We conclude that the trial court *1242 erred in- dismissing .the-counterclaim and reverse. •
Appellee Crown Léasing Corporation filed suit in Florida alleging that it had an ownership interest’in the Heisman Trophy and Appellant Goodman was going to sell the Heisman Trophy in violation of such ownership interest. Crown alleged that it had contracted with Sims to purchase the Heisman., Goodman filed a counterclaim against Crown alleging that he purchased the Heisman from Sims and had no knowledge of an adverse claim to the Heisman. Accordingly, Goodman’s' .counterclaim sought a declaration as to who’was the rightful owner of the Heisman. Crown moved to dismiss Goodman’s counterclaim alleging that Sims could not be- subject to jurisdiction in Florida and thus, the case should be dismissed where Sims • was an indispensable party. The trial - court granted the motion ruling that Sims had an ownership interest in the; Heisman and was an indispensable party to the counterclaim which, therefore, could not continue without Sims being joined. Crown then dismissed its complaint and this appeal followed.
Addressing a trial court’s obligation when ruling on a motion to dismiss, this court stated the following:
The law is well-settled that on a motion to dismiss a trial court must look solely to the allegations of the - complaint. ’ If the face of the complaint contains allegations which demonstrate the existence of an affirmative defense, then such defense can be considered on a motion to dismiss. Otherwise an, affirmative defense may not be considered on a motion to dismiss a complaint.
Vaswani v. Ganobsek, 402 So.2d 1350, 1351 (Fla. 4th DCA 1981) (internal citations omitted). Goodman’s counterclaim was brought against Crown. Goodman alleged that he purchased the Heisman Trophy from Sims with no knowledge of an adverse claim to .it and now Crown alleged it was the rightful owner of the Heisman. The counterclaim does not allege that Sims has any competing ownership interest in the Heisman. Sims was not-a party to Goodman’s counterclaim. Nothing on the face of the complaint demonstrates that Sims was an indispensable party. Therefore, Crown’s affirmative defense as alleged in its motion to dismiss and relied upon by the trial court in its ruling was improperly considered at the motion to dismiss stage of this litigation. See Lantz v. Iron Horse Saloon, Inc., 717 So.2d 590, 591 (Fla. 5th DCA 1998) (discussing how an affirmative defense can be pled in an answer and then raised on a summary judgment motion or a motion for judgment on the pleadings). We agree with Goodman that the trial court’s ruling is in error. Accordingly, this case is reversed’ and remanded for further proceedings consistent with this opinion.

Reversed and Remanded.

STONE, GROSS and HAZOURI, JJ., concur.