961 So.2d 1127 (2007)
Jordan FIELDS, as Personal Representative of the Estate of Christopher Jones, Appellant,
v.
H. Spencer KIRTON; Scott Corey Kirton and Dudley R. Kirton d/b/a Thunder Cross Motor Sports Park; Kirton Brothers Lawn Service, Inc.; and Dean Dyess, Appellees.
No. 4D06-1486.
District Court of Appeal of Florida, Fourth District.
August 8, 2007.
Bard D. Rockenbach of Burlington & Rockenbach, P.A., West Palm Beach, and Laurence C. Huttman of Rubin & Rubin, Stuart, for appellant.
*1128 William J. Wallace of William J. Wallace, P.A., Okeechobee, for Appellees-Dudley R. Kirton and Scott Corey Kirton d/b/a Thunder Cross Motor Sports Park.
Alan C. Espy of Alan C. Espy, P.A., Palm Beach Gardens, for Appellees-H. Spencer Kirton and Kirton Brothers Lawn Service, Inc.
R. Steven Ruta and Richard Lee Barrett of Barrett, Chapman & Ruta, P.A., Orlando, for Appellee-Dean Dyess.
Lindsey C. Brock, III of Rumrell Costabel Warrington & Brock LLP, Jacksonville, and Matthew W. Monroe and Jill Anne Hillman of Monroe & Zinder, P.C., Los Angeles, CA, for Amicus Curiae-National Association of Underwater Instructors.
Timothy J. Owens of Christensen & Christensen, Columbus, OH, for Amicus Curiae-American Motorcyclist Association.
HOROWITZ, ALFRED J., Associate Judge.
This is an appeal from a summary judgment entered in favor of all the defendants. The trial court determined there was no genuine issue of any material fact with respect to Appellant's wrongful death claim. The trial court specifically relied on the enforceability of a pre-injury release/waiver signed by the natural guardian on behalf of the deceased minor child. The standard of review of this matter is de novo. Major League Baseball v. Morsani, 790 So.2d 1071, 1074 (Fla.2001). We reverse.
The material facts are not in dispute. Pursuant to a final judgment of dissolution of marriage, Bobby Jones was the primary residential parent for his fourteen year old son, Christopher. On May 10, 2003, the father took Christopher to Appellees' Thunder Cross Motor Sports Park to ride his all terrain vehicle (ATV). To gain entry to the facility and be allowed to participate in riding the ATV, Bobby Jones, as Christopher's natural guardian, signed a release and waiver of liability, assumption of risk, and indemnity agreement. While attempting a particular jump, Christopher lost control of his ATV, causing himself to be ejected. Tragically, he hit the ground with the ATV landing on top of him. He got up, walked a short distance, then collapsed and died. Christopher's mother, Bette Jones, was unaware that the father was permitting their son to engage in this activity. She was also unaware that approximately one month prior to the accident causing Christopher's death, he had attempted the same jump, resulting in a fractured rib and mild concussion.[1]
The analysis regarding the authority of a parent/natural guardian to sign a binding pre-injury release/waiver of a future tort claim on behalf of a minor child must necessarily begin with a review of the supreme court case of Global Travel Marketing, Inc. v. Shea, 908 So.2d 392 (Fla.2005) (Global Travel II).[2] In that decision, the supreme court carefully examined this court's opinion in the Global Travel case reported at 870 So.2d 20 (Fla. 4th DCA 2003) (Global Travel I). Reviewing *1129 the supreme court's opinion, it is clear the ruling did not address the issue of a contractual waiver of a tort claim brought on behalf of a minor by a natural guardian. See Global Travel II, 908 So.2d at 392. The supreme court specifically rejected making any distinction between commercial activities and activity which may be school-based or school-sponsored.[3]Global Travel II, 908 So.2d at 405.
Generally, parents may make decisions affecting their children without governmental interference unless significant harm to the child is threatened by or resulting from these decisions. Von Eiff v. Azicri, 720 So.2d 510, 514 (Fla.1998). This right is encompassed within the broad scope of the Florida Constitution's guarantee of privacy in Article I, Section 23. Thus, courts have consistently held that a waiver executed by a parent on behalf of a minor is supported by public policy when it relates to obtaining medical care, insurance, or participation in school or community sponsored activities. In re Complaint of Royal Caribbean Cruises, Ltd., 403 F.Supp.2d 1168, 1173 (S.D.Fla.2005) (refusing to enforce a waiver executed by a parent on behalf of a minor relying on the commercial nature of the activity, citing Global Travel II, 908 So.2d at 392); Gonzalez v. City of Coral Gables, 871 So.2d 1067 (Fla. 3d DCA 2004) (distinguishing between commercial and school related waivers); Variety Children's Hospital, Inc. v. Vigliotti, 385 So.2d 1052 (Fla. 3d DCA 1980) (dealing with hospital's enforcement of a quasi-contract against a mother for medical treatment given to her minor child).
Defendants' position is largely based on the inherent authority of a parent to make decisions about their children's welfare without interference by third parties, including government. State v. J.P., 907 So.2d 1101, 1110 (Fla.2004); Tallahassee Memorial Regional Medical Center, Inc. v. Petersen, 920 So.2d 75 (Fla. 1st DCA 2006). The issue does not involve restricting or precluding parents from deciding what activities may be appropriate for their minor children's participation. Instead, this court's analysis is predicated upon the effect of the release insulating the provider of the activity from liability for negligence inflicted upon the minor. The release causes a forfeiture of the minor's property right to seek legal redress either through his parent or the appointment of a guardian ad litem.
The decision to absolve the provider of an activity from liability for any form of negligence (regardless of the inherent risk or danger in the activity) goes beyond the scope of determining which activity a person feels is appropriate for their child. The decision to allow a minor to participate in an activity is properly left to the parents or natural guardian. For instance, the decision to allow one's child to engage in scuba diving or sky diving involves the acceptance of certain risks inherent in the activity. This does not contemplate that a dive instructor will permit or encourage diving at depths beyond safe recreational limits, or that the pilot of the plane on a sky diving venture is intoxicated or otherwise impaired, both situations which could cause injury to the minor. The effect of the parent's decision in signing a pre-injury release impacts the minor's *1130 estate and the property rights personal to the minor. These rights cannot be waived by the parent absent a basis in common law or statute.
There is no basis in common law for a parent to enter into a compromise or settlement of a child's claim, or to waive substantive rights of the child without court approval. 59 AM.JUR.2D Parent and Child § 40, 183; Romish v. Albo, 291 So.2d 24, 25 (Fla. 3d DCA 1974). Section 744.301, Florida Statutes, provides a statutory scheme wherein natural guardians are granted limited rights to settle claims on behalf of minors. That statute provides that parents are authorized to settle any claims or causes of action for damages on behalf of their minor child without the necessity of court approval when the amount does not exceed $15,000. § 744.301(2), Fla. Stat. Any settlement greater that $15,000 but less than $25,000 may involve a guardian ad litem, if the court chooses to appoint one, while a settlement in excess of $25,000 requires a court-appointed guardian as well as a specific determination by the court that the settlement is in the best interest of the minor. Id. There is no comparable statutory scheme governing the issue of pre-injury releases signed by a parent on behalf of a minor child.
If the legislature wished to grant a parent the authority to bind a minor's estate by signing a pre-injury release, they could have said so. The legislature has decided when the state, as parens patriae, should intervene on behalf of a minor. There is a significant statutory framework in place relating to dependency and juvenile delinquency, which evidences the legislature's exercise of the parens patriae authority. That statutory scheme does not authorize one parent to release property rights of the child except as specified. It is not the function of the courts to usurp the constitutional role of the legislature and judicially legislate that which necessarily must originate, if it is to be law, with the legislature.
It is clear the waiver signed by Bobby Jones on behalf of his minor son constituted the forfeiture of a property right that uniquely inures to the minor son's estate. For these reasons, Florida law does not support judicial enforcement of a pre-injury release executed by a parent on behalf of a minor. The final summary judgment entered below is reversed.
We note the implicit conflict between this decision and Lantz v. Iron Horse Saloon, Inc., 717 So.2d 590 (Fla. 5th DCA 1998). There, the mother signed a similar pre-injury release so that her minor son could ride a pocket bike, and subsequently brought an action against the premises owner/proprietor when the boy was injured due to negligence. The Fifth District held the release was sufficient to bar the boy's claim. Although that case traveled to the appellate court with a different procedural posture, the Lantz court held the release to be enforceable. We certify conflict with Lantz.
Accordingly, we also certify the following question to the supreme court as one of great public importance.
WHETHER A PARENT MAY BIND A MINOR'S ESTATE BY THE PRE-INJURY EXECUTION OF A RELEASE.
GUNTHER and FARMER, JJ., concur.
NOTES
[1] The instant opinion does not address the impact to the minor's mother, Bette Jones. One effect of this release/waiver was to forfeit her rights in any wrongful death action. That issue is not before this court.
[2] The court decided only the narrow issue regarding the enforceability of an arbitration clause incorporated into a commercial travel contract which was entered into by a natural guardian on behalf of a minor. The court found the arbitration clause was not a waiver of a legal claim or right, but rather a selection of an alternative forum for dispute resolution. See Global Travel II, 908 So.2d at 404.
[3] The supreme court noted ". . . that some commonplace school or community activities might also involve commercial travel." Global Travel II, 908 So.2d at 404. The court further determined there could not be reliable standards without making value judgments concerning the propriety of a given activity, decisions which should be properly left for a parent or natural guardian to determine.