ON MOTION FOR REHEARING

PER CURIAM.
We deny Appellee’s motions for rehearing and rehearing en banc. For purposes of clarification, we withdraw our prior opinion and substitute this opinion in its place.
Appellant challenges a summary final judgment in favor of Appellee on her complaint for injuries she received in a Go-Kart accident at a facility operated by Appellee. Appellant contends that Appel-lee’s employee negligently increased the Go-Kart speed during a race, causing her to lose control of the Go-Kart and crash into the railing. The lower court held that a waiver and release form signed by Appellant precluded her negligence action. We reverse.
The sole issue on appeal is whether the waiver and release signed by Appellant effectively precludes an action based on Appellee’s purported negligence. The document provides in material part as follows:

WAIVER AND RELEASE FROM LIABILITY FOR GO CARTS AND TRACK

In consideration for being permitted to drive Go Karts at Family Fun Town, 401 S. Volusia Avenue, Orange City, Florida, I acknowledge and agree as follows:
1. I HAVE READ THE RULES FOR OPERATING THE Go Karts, and accept full responsibility for obeying *371 the rules and all other posted rules and warning signs;
2. I understand that the course of [sic] which the Go Karts operate has curves, which require a degree of skill and responsibility to navigate safely. I have the necessary skill and will exercise the responsibility necessary to operate the Go Karts and navigate the course safely;
3. The Go Karts are controlled by individual drivers, who are capable of making mistakes and intentionally causing harm to others. I could be potentially injured, disabled, or killed, whether by my own actions (or inactions) or the actions or inac-tions of another driver. I freely and knowingly assume this risk. I take full responsibility for any claims or personal injury, death, or damage to personal property arising out of my use of the G[sic] Karts and/or the Go Kart track, whether to me or to other people. On behalf of myself, my heirs, my assigns and my next of kin, I waive all claims for damages, injuries and death sustained to me or property that I may have against Family Fun Town, and its members, managers, agents, employees, successors, and assigns (each a “Released Party”).
4. I have been provided the opportunity to inspect the Go Karts and the track prior to signing this Waiver AND Release, and the conditions of each is completely satisfactory to me. If they were not, I would not sign this document or operate or ride in the Go Karts and the track are [sic] completely satisfactory to me.
5. I understand that the terms of this release are contractual and not a mere recital, and that I have signed this document of my own free act. I have read this waiver and release in its entirety. I understand that I am assuming all the risk inherent in operating and/or riding the Go Karts on the track. I understand that it is a release of all claims that I may have against any released part [sic], I understand that this is the entire agreement between me and any released party and that it cannot be modified or changed in any way by the representation or statements by any released party or by me. I voluntarily sign my name as evidence of my acceptance of all the provisions in this waiver and release and my agreement to be bound by them.
Clauses that purport to deny an injured party the right to recover damages from another who negligently causes injury are strictly construed against the party seeking to be relieved of liability. UCF Athletics Ass’n v. Plancher, 121 So.3d 1097, 1101 (Fla. 5th DCA 2013) (citing Cain v. Banka, 932 So.2d 575 (Fla. 5th DCA 2006); Sunny Isles Marina, Inc. v. Adulami, 706 So.2d 920 (Fla. 3d DCA 1998)). To be effective, the wording of such clauses must be so clear and understandable that an ordinary and knowledgeable person will know what he or she is contracting away. Raveson v. Walt Disney World Co., 793 So.2d 1171, 1173 (Fla. 5th DCA 2001) (citing Lantz v. Iron Horse Saloon, Inc., 717 So.2d 590, 591 (Fla. 5th DCA 1998)). Here, the release is not clear that negligence of the sort here was intended to be within the scope of the release.
REVERSED AND REMANDED.
TORPY, C.J., LAWSON and WALLIS, JJ., concur.